## COMMONWEALTH *vs.* GREGORY PELLETIER.

Suffolk. April 3, 2007. - June 26, 2007.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, & COWIN, JJ.

*Motor Vehicle,* Operating under the influence, Habitual traffic offender. *Habitual Offender. Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Dismissal, Plea. *Judge. District Attorney.*

This court concluded that a single justice of this court was warranted in addressing on the merits, pursuant to G. L. c. 211, § 3, the Commonwealth's petition seeking review of the actions of a plea judge who denied the Commonwealth the right to introduce evidence on the subsequent offense portion of a criminal complaint. [395-396]

A single justice of this court correctly concluded that, in a criminal action where the defendant pleaded guilty to a complaint charging him with operating a motor vehicle while under the influence of intoxicating liquor, but no plea was taken on the subsequent offense portion of the complaint, the plea judge erred in denying the Commonwealth the right to introduce evidence of the defendant's prior offenses in accordance with G. L. c. 278, § 11A. [396-399]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on February 16, 2006.

The case was heard by *Cordy*, J.

*Elin H. Graydon*, Assistant District Attorney, for the Commonwealth.

*Michael A. Manzi* for the defendant.

IRELAND, J. The defendant, Gregory Pelletier, was charged with operating a motor vehicle while under the influence of intoxicating liquor, third offense, pursuant to G. L. c. 90, § 24 (1) (*a*) (1). He pleaded guilty to the underlying charge of operating while under the influence, but, as we shall explain, no plea was taken on the subsequent offense portion of the charge and he was sentenced as a first-time offender. The Commonwealth, asserting that it had been denied the opportunity to present evidence as to the prior offenses pursuant to G. L. c. 278, § 11A, objected and filed a motion to reconsider. That motion was denied after a hear-

ing, and the Commonwealth then filed a G. L. c. 211, § 3, petition with a single justice of this court. The single justice remanded the case to the District Court for further proceedings relevant to sentencing. The defendant now appeals. Because the single justice was correct in concluding that the plea judge erred in denying the Commonwealth the right to introduce evidence of the defendant's prior offenses in accordance with G. L. c. 278, § 11A, we affirm.

*Factual and procedural background.* A complaint issued against the defendant on July 1, 1994, charging him with operating while under the influence, third offense, in violation of G. L. c. 90, § 24; operating after suspension of a license for drunk driving in violation of G. L. c. 90, § 23; and failing to drive within marked lanes, in violation of G. L. c. 89, § 4A (a civil infraction included in the complaint for procedural purposes only).[1] The defendant was in default on the complaint from September 19, 1994, until May 3, 2004. The case was eventually scheduled for disposition in the District Court on February 24, 2005. A second case against the defendant was also scheduled for disposition that day. Before the cases were called, the plea judge conducted a lobby conference. The Commonwealth, according to the prosecutor, indicated its intent to demonstrate that this was the defendant's third offense and that it was seeking the mandatory minimum sentence for the charged offense of operating while under the influence, third offense. The defendant, on the other hand, indicated that he would plead guilty only to so much of the complaint as charged a second offense. According to the prosecutor, the lobby conference dealt largely with the issue of the recommended disposition, but the manner in which the Commonwealth would prove the prior offenses was also discussed, including the Commonwealth's plan to call the defendant's probation officer as a witness. The parties then submitted a tender of plea form to the judge, with their respective recommendations. A separate tender of plea form was submitted to the judge on the separate case against the defendant that was scheduled for disposition.

At the outset of the plea hearing the judge noted that the Commonwealth was seeking a disposition in accordance with a

---

[1] The charge of operating a motor vehicle after suspension of license and the civil citation are not at issue in this appeal.

charge of operating while under the influence, third offense. He then commenced the plea colloquy. After questioning the defendant about his background and ensuring that he was voluntarily waiving his right to a trial and otherwise understood the consequences of the plea hearing, the judge asked the Commonwealth to state the facts that it was prepared to prove. The prosecutor, after first pointing out that there were two separate cases before the court, proceeded to set out the facts the Commonwealth was prepared to prove on the charge of operating while under the influence. The prosecutor appropriately did not at that point set out any facts to support the portion of the complaint that charged a subsequent offense. Noting the docket number of the second case, the prosecutor then set out the facts the Commonwealth was prepared to prove on that case.

The judge then inquired of the defendant whether he had committed the acts described by the Commonwealth. After the defendant responded yes, the judge stated, "There's just been an admission to an OUI one, there were no facts read into the record that I recall about any subsequents so the admission stands and that's what we have." The prosecutor interjected that the Commonwealth was prepared to offer additional facts to support the charge of third offense. The judge, however, refused to hear any additional facts, stating that the Commonwealth had already had its chance to state what it was capable of proving but did not do so. The judge reiterated that there had been an admission only to so much of the complaint as charged operating while under the influence, first offense, and sentenced the defendant as a first-time offender.

The Commonwealth objected and filed a motion to reconsider the disposition, seeking to vacate the sentence as illegally imposed. The judge denied the Commonwealth's motion after a hearing, and the Commonwealth filed a notice of appeal.[2] The Commonwealth also filed a G. L. c. 211, § 3, petition to which

---

[2] The Commonwealth asserts that on the same day as the plea hearing, February 24, 2005, it delivered a motion to reconsider to the judge's lobby and also left a telephone message for defense counsel regarding the motion. The docket does not reflect the filing of that motion. On April 27, 2005, the Commonwealth filed an amended motion to reconsider, after having received a transcript of the plea hearing. That motion was docketed and a hearing was held on the motion on December 2, 2005, before the same judge who held the plea hearing. When

the defendant filed no opposition. The single justice concluded that the plea judge erred in denying the Commonwealth the opportunity to present evidence of prior convictions in accordance with G. L. c. 278, § 11A, and remanded the matter for the purpose of conducting either a proper plea hearing or a trial on so much of the complaint as charged the defendant with a subsequent offense. This appeal followed.

*Discussion.* We review the single justice's decision for abuse of discretion or other clear error of law. *Youngworth* v. *Commonwealth*, 436 Mass. 608, 611 (2002). As an initial matter, the defendant argues that the single justice should have dismissed the Commonwealth's "appeal" because it was untimely. The case was before the single justice as a request for relief pursuant to G. L. c. 211, § 3, however, not as an appeal as a matter of right from any action taken in the trial court.[3] In arguing that the Commonwealth's "appeal" should have been dismissed, the defendant does not specifically argue that the Commonwealth's G. L. c. 211, § 3, petition was not properly before the single justice. The defendant, in fact, filed no opposition to the petition. Under the circumstances of this case, G. L. c. 211, § 3, was a proper vehicle for the Commonwealth to seek review of the plea judge's actions. It is well within this court's general superintendence power to correct any error or rectify any abuse of discretion that might have occurred here. Cf. *Commonwealth* v. *Cowan*, 422 Mass. 546, 547 (1996). See *Commonwealth* v. *Quispe*, 433 Mass. 508, 510 (2001).

Furthermore, it is uncertain whether the Commonwealth could have even proceeded as a matter of right with an appeal under G. L. c. 278, § 28E, and Mass. R. Crim. P. 15 (a) (1), as appearing in 422 Mass. 1501 (1996), in these circumstances. Even if we were to view the judge's ruling as a "dismissal" of the subsequent offense portion of the complaint, a dubious proposition on this record, the subsequent offense portion of the charge against a defendant does not create an independent crime; rather,

the judge denied the motion to reconsider, he did so by way of a margin note on the original (undocketed) motion for reconsideration.

[3]Although the Commonwealth did file a notice of appeal after the denial of its motion for reconsideration, the Commonwealth suggests that it did so only in an abundance of caution. That appeal is not what brought the parties before the single justice.

it concerns only the punishment to be imposed if a defendant is convicted of the underlying crime and the prior offenses are proved. *Commonwealth* v. *Hernandez,* 60 Mass. App. Ct. 416, 417-418 (2004), quoting *Bynum* v. *Commonwealth,* 429 Mass. 705, 708-709 (1999). See *Commonwealth* v. *Johnson,* 447 Mass. 1018, 1019-1020 (2006). The defendant's sentence on the underlying charge in the complaint is also "inextricably bound" with the plea judge's treatment of the subsequent offense portion of the complaint. See *Commonwealth* v. *Johnson, supra* at 1019. Where, as here, the complaint itself (or any distinct portion of it charging a separate crime) was not dismissed, an appeal from a "dismissal" of only that portion of the complaint charging a subsequent offense may not lie. The single justice was therefore warranted in addressing the matter on the merits pursuant to G. L. c. 211, § 3.

Under G. L. c. 278, § 11A, a defendant "charged with a crime for which more severe punishment is provided for second and subsequent offenses" who pleads guilty or is found guilty after trial "shall be further inquired of for a plea of guilty or not guilty to that portion of the complaint or indictment alleging that the crime charged is a second or subsequent offense" before sentence is imposed. If the defendant pleads not guilty, he is "entitled to a trial by jury of the issue of conviction of a prior offense . . . [or] may waive trial by jury." Where a defendant has been found guilty by a jury, the judge may, in his discretion, hold the same jury to determine the issue of conviction of prior offenses or may empanel a new jury. The statute, in other words, requires a defendant to be tried in a two-step, bifurcated procedure: "first, on the underlying substantive crime and, then, in a separate proceeding, on that component of the charge referring to the crime as a second or subsequent offense." *Commonwealth* v. *Miranda,* 441 Mass. 783, 788 (2004). See *Commonwealth* v. *Koney,* 421 Mass. 295, 301-302 (1995); *Commonwealth* v. *Jarvis,* 68 Mass. App. Ct. 538, 540 (2007). A two-step, bifurcated proceeding must also take place when a defendant pleads guilty to the underlying offense, the difference being that the first step is a plea hearing, rather than a trial.

Whether the second step is a trial or a plea hearing turns, of course, on how the defendant pleads to the subsequent offense

portion of the charge against him. The bifurcated proceedings will thus involve one of the following four series of events: a trial on the underlying charge, followed by a separate trial on the alleged prior offenses; a trial on the underlying charge, followed by a plea hearing on the alleged prior offenses; a plea hearing on the underlying charge, followed by a separate trial on the alleged prior offenses; or, a plea hearing on the underlying charge, followed by a plea hearing on the alleged prior offenses. We are concerned here with the latter two possibilities, where the defendant has pleaded guilty on the underlying offense.

Before accepting a plea, a judge must satisfy himself that the defendant's plea is voluntary and that the defendant understands the nature of the charges. See *Commonwealth* v. *Quinones*, 414 Mass. 423, 431 (1993). A "plea is valid only when the defendant offers it voluntarily, with sufficient awareness of the relevant circumstances . . . and with the advice of competent counsel" (citations omitted). *Commonwealth* v. *Fernandes*, 390 Mass. 714, 715-716 (1984). Toward this end, the judge typically begins the colloquy with an extensive set of preliminary questions designed to inform the defendant of his rights and to begin to "probe . . . the defendant's mind," *id.* at 716, quoting *Commonwealth* v. *Foster*, 368 Mass. 100, 107 (1975), as to his understanding of the circumstances and the consequences of a guilty plea. See K.B. Smith, Criminal Practice and Procedure §§ 1235-1242 (2d ed. 1983). Then, after the prosecutor has had an opportunity to set forth the facts relevant to the charges against the defendant, the judge will inquire of the defendant whether he committed the acts described by the prosecutor. When satisfied that the defendant is entering his plea voluntarily, with an understanding of its consequences, and that sufficient facts warrant a finding of guilty on the underlying offense, the plea on the underlying offense can be accepted (although the sentence will not be imposed at that point).

What follows thereafter, in the second step of the bifurcated proceeding, will be dictated by the defendant's plea on the subsequent offense portion of the charge. Where a defendant is pleading guilty, we do not read the statute as requiring that a judge conduct an entirely new plea colloquy during the second

step of the bifurcated proceeding. The preliminary questioning conducted at the outset of the plea hearing on the underlying offense need not be repeated, so long as the judge makes clear, and the defendant understands, that the preliminary questioning applies equally to the plea on the subsequent offense portion of the charge as well.[4] The statute does require, however, that the judge "further inquire[]" of the defendant as to his plea on the subsequent offense portion. The prosecutor must therefore be provided an opportunity to set forth the facts on the prior offenses and the judge would then "further inquire[]" of the defendant as to whether he committed the acts described by the prosecutor, whether his plea as to the same is voluntary, and so on. Where satisfied that the plea is voluntary, made with an understanding of its consequences, and that sufficient facts warrant a finding of guilty on the subsequent offense portion of the charge, a sentence may then be imposed.

In those cases where a defendant pleads guilty to the underlying offense but not guilty to the subsequent offense portion of the charge, the plea colloquy on the underlying offense must be followed by a trial. Where, as apparently was the case here, a defendant is willing to admit to some but not all of the alleged prior offenses, the defendant could simplify matters at trial by stipulating to certain offenses. With or without such a stipulation, however, the Commonwealth bears the burden of proving the prior offenses charged.

This procedure was not followed here. After conducting the initial questioning, the judge asked the prosecutor to present the facts. The prosecutor set forth only those facts relevant to the underlying offense, apparently believing that after the defendant entered a plea on that offense, the second step of the bifurcated procedure would take place. In other words, and as the statute requires, the prosecutor apparently expected the subsequent offense portion of the charge to be handled separately, after the defendant pleaded guilty to the underlying offense. The statute commands such a bifurcated proceeding.

We agree with the single justice that the plea judge's actions

---

[4]This would not, of course, be the case for a defendant who had gone to trial on the underlying offense and was pleading guilty to the subsequent offense portion of the charge against him. There, a full colloquy would be required.

were "at best an abuse of discretion and at worst an unconstitutional intrusion into powers accorded the Executive rather than the Judicial branch." Judges "do not possess authority unilaterally to reduce the level of charge brought by the prosecutor." *Commonwealth* v. *Rose*, 54 Mass. App. Ct. 919, 919 (2002) (trial judge did not possess authority to accept, over Commonwealth's objection, defendant's plea of guilty to driving while under influence, third offense, where defendant had been charged with driving while under influence, fourth offense). Cf. *Commonwealth* v. *Gordon*, 410 Mass. 498, 498 (1991) (judge's acceptance of plea to murder in second degree from defendant indicted for murder in first degree violates art. 30 of Massachusetts Declaration of Rights).

*Conclusion.* The judgment of the single justice, remanding the matter to the District Court for further proceedings on the subsequent offense portion of the complaint, is therefore affirmed.

*So ordered.*