## Commonwealth *vs.* Richard Kulesa.

Middlesex. October 6, 2009. - December 7, 2009.

Present: Marshall, C.J., Ireland, Spina, Cowin, Cordy, Botsford, & Gants, JJ.

*Abuse Prevention. Criminal Harassment. Practice, Criminal,* Duplicative convictions, Instructions to jury, Assistance of counsel.

The criminal defendant's conviction on an indictment charging criminal harassment, in violation of G. L. c. 265, § 43A (*a*), was not duplicative of his convictions on indictments charging violations of a G. L. c. 209A, § 7, protective order, where the factual basis for the multiple violations of the protective order was separate and distinct from the factual basis for the criminal harassment charge, and each offense contained elements that the other did not. [450-452]

At the trial of indictments charging violations of a G. L. c. 209A, § 7, protective order, a Superior Court judge did not err in declining to instruct the jury that the Commonwealth had to prove that the defendant knew that the protective order had been extended and had knowledge of the terms of the extended order, where, given that there was actual service of the initial order specifically informing the defendant of a hearing date for an extension of that order, the defendant could not escape being charged with knowledge that the initial order was extended (and the terms of the extended order) merely because he failed to attend the hearing. [452-453]

This court concluded that the language of G. L. c. 278, § 11A, providing that a trial on a subsequent offender portion of an indictment be "subject to all the provisions of law governing criminal trials," necessarily includes a right to counsel; where, at the trial on a subsequent offender portion of an indictment charging criminal harassment, a Superior Court judge erred in denying the defendant his right to counsel, this court vacated the defendant's conviction and sentence on the subsequent offender portion of the criminal harassment indictment and remanded the case for retrial on that portion of the indictment. [453-457]

Indictments found and returned in the Superior Court Department on September 2, 2004.

Indictments charging criminal harassment and violations of an abuse prevention order were tried before *S. Jane Haggerty*, J.; following conviction, the subsequent offender portion of the indictment charging criminal harassment was heard by her.

The Supreme Judicial Court granted an application for direct appellate review.

*Andrew S. Crouch* for the defendant.

*Anne C. Pogue*, Assistant District Attorney, for the Commonwealth.

*James A. Reidy*, for Committee for Public Counsel Services, amicus curiae, submitted a brief.

*William R. Keating*, District Attorney, *& Alexei Tymoczko*, Assistant District Attorney, for District Attorney for the Norfolk District & others, amici curiae, submitted a brief.

IRELAND, J. In January, 2008, a Superior Court jury convicted the defendant, Richard Kulesa, of one indictment charging criminal harassment under G. L. c. 265, § 43A (*a*), and eight indictments charging violations of an abuse prevention order under G. L. c. 209A, § 7 (209A order).[1] As required by G. L. c. 278, § 11A,[2] he then was arraigned and tried on the subsequent offender portion of the criminal harassment indictment. See G. L. c. 265, § 43A (*b*).[3] The defendant waived his statutory right to a jury trial, see G. L. c. 278, § 11A (in subsequent offender proceedings, if defendant pleads not guilty, "he shall be entitled to a trial by jury of the issue of conviction of a prior offense"), and trial commenced (before the same judge who presided over the trial on the underlying substantive offenses).[4] The Commonwealth introduced evidence that, in 1997, the defendant had pleaded guilty to stalking (involving conduct that occurred in 1996). The judge found the defendant guilty of the subsequent offender portion of the indictment.

The defendant appealed from his convictions, and we granted his application for direct appellate review. Represented by counsel

---

[1]The defendant waived his right to counsel and proceeded pro se during the jury trial on these indictments.

[2]Under G. L. c. 278, § 11A, a defendant is "required to be tried . . . first, on the underlying substantive crime and, then, in a separate proceeding, on that component of the charge referring to the crime as a second or subsequent offense." *Commonwealth* v. *Miranda*, 441 Mass. 783, 787-788 (2004). Prior convictions are facts "to be determined . . . beyond a reasonable doubt." *Commonwealth* v. *Pagan*, 445 Mass. 161, 174 (2005).

[3]General Laws c. 265, § 43A (*b*), provides, in relevant part: "Whoever . . . commits the crime of criminal harassment having previously been convicted of [stalking], shall be punished by imprisonment in a house of correction for not more than two and one-half years or by imprisonment in the [S]tate prison for not more than ten years."

[4]The defendant again proceeded pro se, but argues on appeal that he was erroneously deprived of his right to counsel.

on appeal, the defendant argues (1) that his convictions of violating the 209A order are duplicative of his conviction of criminal harassment; (2) error in the judge's instructions to the jury; and (3) that he was erroneously deprived of his right to counsel with respect to the trial on the subsequent offender portion of the criminal harassment indictment in violation of his State and Federal constitutional rights and in violation of G. L. c. 278, § 11A. We affirm the defendant's conviction of criminal harassment and convictions of violating the 209A order. We conclude, however, that the defendant should have been afforded counsel on the subsequent offender portion of the criminal harassment indictment. We therefore vacate that conviction and remand the case for retrial on that portion of the indictment. Because the subsequent offender portion of the criminal harassment indictment pertains only to sentencing enhancement for the substantive offense (criminal harassment), see note 3, *supra*; *Commonwealth* v. *Maloney*, 447 Mass. 577, 591 (2006), and cases cited, we also vacate the defendant's sentence on that offense.[5] Resentencing is to occur following retrial on the subsequent offender portion of the criminal harassment indictment.

*Facts.* We summarize the facts the jury could have found, leaving certain facts for development in the discussion of the issues. For approximately three months in 1989, the defendant dated the victim, Maureen Daly. On January 5, 2004, the defendant went to the school of the victim's daughter and caused a message, directed to the victim, to be passed to her daughter. Later that day, the victim went to the Tyngsborough police department and inquired about obtaining a 209A order. The next day, January 6, the victim, accompanied by her sister, went to the Lowell Division of the District Court Department and obtained an ex parte temporary 209A order against the defendant. The 209A order set January 20, at 8:30 A.M., for the next hearing and provided that, at the hearing, it would be determined whether the order would be continued or modified. During the afternoon of

---

[5]On the criminal harassment, subsequent offender, conviction, the judge sentenced the defendant to a term of imprisonment from seven to nine years. With regard to the convictions of violating the 209A order, the judge sentenced the defendant to ten years' probation, running concurrently with each other and from and after his committed sentence. The defendant received 449 days of credit toward his committed sentence.

January 6, before service of the 209A order was made on the defendant, he left two telephone messages inquiring about the victim on the victim's sister's telephone answering machine. Service of the 209A order was made on the defendant on January 6, at 7:28 P.M., at a motel in Hudson, New Hampshire.

The following day, January 7, the defendant left another telephone message on the victim's sister's telephone answering machine concerning the victim. Later that month, on January 20, the victim, again accompanied by her sister, returned to court for an extension of the 209A order. They saw the defendant in front of them in the line to enter the court house, but he did not appear at the hearing and did not respond to being paged. The 209A order was extended for one year. Thereafter, on different dates from February, to July, 2004, the defendant sent five letters to the victim, left a note to the victim tucked inside a newspaper delivered to her, and contacted the victim in the parking lot of her office building. The defendant's indirect and direct contact with the victim caused her fear and frustration.

*Discussion.* 1. *Duplicative convictions.* We reject the defendant's argument that his convictions of violating the 209A order are duplicative of his conviction of criminal harassment. As an initial matter, contrary to the defendant's contention, the Commonwealth did not predicate the criminal harassment charge on the "same conduct" on which the 209A order violations were predicated. "The question whether two offenses are 'so closely related in fact as to constitute in substance but a single crime' . . . becomes pertinent in a single criminal proceeding where one crime is a lesser included offense of the other, or where there are multiple counts of the same offense." *Commonwealth* v. *Vick,* 454 Mass. 418, 435 (2009), quoting *Commonwealth* v. *St. Pierre,* 377 Mass. 650, 662-663 (1979). "In those circumstances, multiple convictions and sentences are permissible only where each conviction is premised on a distinct criminal act, unless the Legislature has explicitly authorized cumulative punishments." *Commonwealth* v. *Vick, supra.*

Here, although the criminal harassment indictment alleged conduct occurring on divers dates from January 5, 2004, through July 10, 2004, the conduct set forth at trial to form the basis of the criminal harassment charge was distinct from that forming the basis of the 209A order violations. The conduct underlying

the criminal harassment charge predated service of the 209A order (January 6, at 7:28 P.M.) and violations thereof (and thus technically within the time frame specified in the indictment). Significantly, the criminal harassment conviction was based on the defendant's act of attempting to make contact with the victim through her daughter on January 5, at the victim's daughter's school, and the defendant's two telephone calls to the victim's sister on the afternoon of January 6, inquiring about the victim. In contrast to these particular acts, the 209A order violations involved separate incidents that took place after service of the 209A order was made on the defendant, namely a telephone message on January 7; five different letters sent on different dates between February and July, 2004; a note tucked into a delivered newspaper on June 26, 2004; and a visit to the victim in the parking lot at her place of employment in July, 2004.

The defendant argues that, because the criminal harassment statute is a lesser included offense of criminal stalking,[6] and a 209A order violation has been found to be duplicative of a charge of stalking, see *Edge* v. *Commonwealth*, 451 Mass. 74, 78-79 (2008), he cannot be convicted of both criminal harassment and violating a 209A order. The defendant's reliance on *Edge*, however, is misplaced. In the *Edge* case we concluded that a defendant could not be prosecuted for stalking in violation of a 209A order in circumstances where the violations of the 209A order that served as the basis of the stalking charge were violations for which the defendant had already been convicted and sentenced. *Edge* v. *Commonwealth*, *supra* at 78. These circumstances are not present here. The factual basis of the multiple 209A order viola-

---

[6]The criminal harassment statute, G. L. c. 265, § 43A (*a*), in relevant part, reads: "(*a*) Whoever willfully and maliciously engages in a knowing pattern of conduct or series of acts over a period of time directed at a specific person, which seriously alarms that person and would cause a reasonable person to suffer substantial emotional distress, shall be guilty of the crime of criminal harassment . . . ." We have concluded that the statute criminalizes only three or more incidents of harassment "directed at a specific person." *Commonwealth* v. *Welch*, 444 Mass. 80, 101 (2005). We have also noted that the statute is "closely related" to the criminal stalking statute, employing nearly identical language but eliminating the threat requirement. *Id.* at 87, 88. See G. L. c. 265, § 43 (criminal stalking statute) (containing additional element not present in criminal harassment statute: "mak[ing] a threat with the intent to place the person in imminent fear of death or bodily injury").

tions, as shown above, is separate and distinct from the facts pertaining to and underlying the criminal harassment charge. The *Edge* case, thus, is inapposite, as the criminal harassment charge was not based on any of the 209A order violations.

We add that criminal harassment and violation of a 209A order are not the "same offence," and satisfy the traditional rule in Massachusetts as set forth in *Morey* v. *Commonwealth*, 108 Mass. 433, 434 (1871), and its progeny, that "a defendant may properly be punished for two crimes arising out of the same course of conduct provided that each crime requires proof of an element that the other does not." *Commonwealth* v. *Cabrera*, 449 Mass. 825, 827 (2007), quoting *Commonwealth* v. *Valliere*, 437 Mass. 366, 371 (2002). To establish a violation of G. L. c. 209A, § 7, the Commonwealth must prove that "(1) a valid G. L. c. 209A order was entered by a judge and was in effect on the date of the alleged violation; (2) the defendant violated the order; and (3) the defendant had knowledge of the order." *Commonwealth* v. *Silva*, 431 Mass. 401, 403 (2000). Criminal harassment requires the Commonwealth to prove that (1) the defendant engaged in a knowing pattern of conduct or speech, or series of acts, on at least three separate occasions; (2) the defendant intended to target the victim with the harassing conduct or speech, or series of acts, on each occasion; (3) the conduct or speech, or series of acts, were of such a nature that they seriously alarmed the victim; (4) the conduct or speech, or series of acts, were of such a nature that they would cause a reasonable person to suffer substantial emotional distress; and (5) the defendant committed the conduct or speech, or series of acts, "willfully and maliciously." G. L. c. 265, § 43A (*a*). See *Commonwealth* v. *Robinson*, 444 Mass. 102, 108 (2005); *Commonwealth* v. *Welch*, 444 Mass. 80, 85-90 (2005). Each offense contains elements that the other does not, and therefore the defendant's convictions pursuant to each statute were not duplicative.

2. *Jury instructions.* During her instructions concerning the violation of an abuse prevention order, the judge remarked as follows on the element of knowledge:

"And the third element that the Commonwealth must prove beyond a reasonable doubt is that the defendant

knew that the pertinent terms of the order were in effect either by having received a copy of the order or by having learned [of] them in some other way. Service of the initial order places a defendant on constructive notice if not actual notice of the order's existence and its terms."

The defendant objected to this instruction, arguing that the jury be further instructed that the Commonwealth prove that the defendant had knowledge that the 209A order had been extended and had knowledge of the terms of the extended order. The defendant advances this argument on appeal, contending that the judge's instruction amounted to prejudicial error and impermissibly shifted the burden of proof to the defendant. While we suggest that the term "constructive notice" not be used because it may not be easily understood without further definition, we conclude in this case that there was no error.

In a prosecution for violation of an abuse prevention order, the Commonwealth must prove that the defendant had knowledge of the order. See *Commonwealth* v. *Silva, supra* at 403. See also *Commonwealth* v. *Delaney,* 425 Mass. 587, 591-592 (1997), cert. denied, 522 U.S. 1058 (1998). Where, as here, there is actual service of an initial order that specifically informed the defendant of a hearing date for extension of that order, the defendant cannot escape being charged with knowledge that the initial order was extended (and the terms of the extended order) merely because he failed to attend the hearing on the extension of the order. See *Commonwealth* v. *Chartier,* 43 Mass. App. Ct. 758, 765 (1997). See also *Commonwealth* v. *Delaney, supra* at 592, quoting *Commonwealth* v. *Olivo,* 369 Mass. 62, 69 (1975) ("The ex parte order informed the defendant that an extended order might be entered against him if he did not appear at the hearing. This information was sufficient to put the defendant on notice, for '[n]otice of facts which would incite a person of reasonable prudence to an inquiry under similar circumstances is notice of all the facts which a reasonably diligent inquiry would develop' "). In these circumstances, the judge did not err in refusing to instruct the jury that the defendant "[had] to be made aware of the extended order."

3. *Right to counsel on subsequent offender portion of the criminal harassment indictment.* The defendant, as has been

noted, see note 1, *supra*, proceeded pro se at the trial on the substantive offenses. Initially, during some pretrial proceedings, the defendant was represented by counsel. During a lobby conference held on June 19, 2007, the defendant's second counsel was permitted to withdraw, the defendant signed a written waiver of counsel, and a waiver of counsel colloquy appears to have been conducted. The written waiver of counsel did not reference a subsequent offender indictment or proceeding on the criminal harassment indictment, and the content of any waiver of counsel colloquy is unknown because no transcript appears to exist or has been provided.

Following the guilty verdicts on the substantive offenses and before arraignment on the subsequent offender portion of the criminal harassment indictment, the judge asked the defendant if he wished to have counsel. The defendant first responded that he did not, but then expressed confusion about the proceedings. The judge attempted to return to the issue of counsel, and the following exchange took place:

> THE JUDGE:       "Do you want a lawyer?"
>
> THE DEFENDANT:  "Who's the lawyer?"
>
> THE JUDGE:       "I'm asking you if you want a lawyer."
>
> THE DEFENDANT:  "Where's the lawyer?"
>
> THE JUDGE:       "There's no one in the court room right at the moment, but do you want a lawyer?"
>
> THE DEFENDANT:  "Go get one so I can come back and talk to him[7] about it, please."

The judge asked the prosecutor for his position, to which the prosecutor remarked, "If he wishes an attorney, I think we have to accept that." The judge replied, "Oh, I do too." The defendant then expressed concern about retaining the jury that had just convicted him, expressed confusion concerning how the jury

---

[7] During oral argument, the Commonwealth suggested that the reference to "him" meant the prosecutor, and not appointed counsel. The distinction, if any, matters not to our conclusion.

could have found him guilty on the substantive charges, and expressed dissatisfaction with the court. The judge interjected, asking the defendant if he would be ready to proceed later in the afternoon "if we have a lawyer for you?" The defendant replied affirmatively, and a recess was called. When the judge returned, she stated that she had "spoken too soon about counsel," and that, pursuant to *Commonwealth* v. *Pelletier*, 449 Mass. 392 (2007), the defendant was not entitled to counsel because his waiver of counsel for trial on the substantive offenses amounted to a waiver of counsel for the subsequent offender proceeding as well. The defendant contends that he was erroneously deprived of his right to counsel. We agree.

The Commonwealth's claim that the defendant clearly did not want appointed counsel is not supported by the record. Although the defendant did not expressly state, "Yes, I want a lawyer," he made it clear that he wanted counsel when he stated, "Go get [a lawyer] so I can come back and talk to him about it, please," and when he stated that he would be ready to proceed if a lawyer were to be found for him. Our view is supported by the fact that, at the time, both the judge and the prosecutor indicated an understanding that the defendant sought and invoked a right to counsel.

The Commonwealth contends that the judge correctly ruled that the defendant was not entitled to counsel because he had previously waived his right to counsel when he decided to proceed pro se on the jury trial of the substantive offenses, and that that waiver extends to the subsequent offender proceeding. The Commonwealth further asserts that the judge properly exercised her discretion in denying counsel at the subsequent offender proceeding because a waiver of counsel previously had been executed. We disagree. The record makes clear that the judge's decision was not an exercise of discretion, but rather was based on her interpretation of *Commonwealth* v. *Pelletier, supra.* That interpretation amounted to an error of law.

The *Pelletier* case concerned whether a separate, additional plea colloquy is required in a subsequent offender proceeding under G. L. c. 278, § 11A, where a defendant has pleaded guilty to the underlying substantive offense. *Commonwealth* v. *Pelletier, supra* at 392, 397-398. We concluded that, "[w]here a

defendant is pleading guilty, we do not read the statute as requiring that a judge conduct an entirely new plea colloquy during the second step of the bifurcated proceeding. The preliminary questioning conducted at the outset of the plea hearing on the underlying offense need not be repeated, so long as the judge makes clear, and the defendant understands, that the preliminary questioning applies equally to the plea on the subsequent offense portion of the charge as well." *Id.* at 397-398.

Here, the *Pelletier* decision is not instructive because the defendant was not tendering a plea of guilty to the subsequent offender portion of the criminal harassment indictment but, rather, sought a trial on the merits.[8] Concerning the procedures in these circumstances, the Legislature has set forth the following: "[I]f there is a verdict or finding of guilty after trial, then before sentence is imposed, the defendant shall be further inquired of for a plea of guilty or not guilty to that portion of the complaint or indictment alleging that the crime charged is a second or subsequent offense. . . . [I]f he pleads not guilty thereto, he shall be entitled to a trial by jury of the issue of conviction of a prior offense, *subject to all the provisions of law governing criminal trials*" (emphasis added). G. L. c. 278, § 11A. The only discretion under the statute afforded to the judge in subsequent offender proceedings where a trial takes place is to choose to retain the jury "which returned the verdict of guilty" on the underlying substantive offense, rather than empanel "a new jury to try the issue of conviction of one or more prior offenses." *Id.* Notably, there is no restriction of a right to counsel. See *id.* Such a right is fundamental, is grounded in the State and Federal Constitutions, and is afforded at every critical stage of the criminal process. See *Commonwealth* v. *Murphy*, 448 Mass. 452, 465 (2007), quoting *Guerin* v. *Commonwealth*, 339 Mass. 731, 734 (1959) ("the essential element of fairness in the administration of justice depends"

---

[8]Even if the case of *Commonwealth* v. *Pelletier*, 449 Mass. 392 (2007), were to apply, without a transcript of the colloquy of the defendant's waiver of counsel on the substantive offenses, it cannot be said that the defendant was informed, and understood, that his waiver of counsel would apply to the subsequent offender proceedings. Also, the defendant's written waiver of counsel makes no mention of the subsequent offender proceedings. As such, it cannot be said that the defendant's waiver of counsel at the trial of the substantive offenses included a waiver of counsel at the trial of the subsequent offender proceedings.

on the right to counsel). See also *Lavallee* v. *Justices in the Hampden Superior Court*, 442 Mass. 228, 234, 235 & n.13 (2004). We conclude that the language of G. L. c. 278, § 11A, providing that a trial on a subsequent offender portion of an indictment be "subject to all the provisions of law governing criminal trials," necessarily includes a right to counsel.[9] Because the defendant requested, but was not afforded, the right to counsel in the subsequent offender proceeding, his conviction of the subsequent offender portion of the criminal harassment indictment cannot stand and must be vacated.

At retrial on this portion of the indictment, the defendant shall be afforded counsel if he invokes this statutory right to be represented by counsel. Our conclusion applies only to trials in subsequent offender proceedings. It does not preclude a judge, before the trial on the substantive offenses, from conducting a plea colloquy and obtaining a waiver of counsel from the defendant for both the trial on the substantive offenses and the trial on the subsequent offender portions of the substantive offenses.[10]

*Conclusion.* We affirm the defendant's conviction of criminal harassment and convictions of violating the 209A order. We vacate the defendant's conviction on the subsequent offender portion of the criminal harassment indictment and remand the case for retrial on that portion of the indictment. As noted, because the subsequent offender portion of the indictment pertains only to sentencing enhancement on the substantive offense (criminal harassment), we also vacate the defendant's sentence on that offense. Resentencing is to occur following retrial on the subsequent offender portion of the criminal harassment indictment.

*So ordered.*

---

[9]We therefore need not decide whether the defendant had a right to counsel based on constitutional provisions. See *Commonwealth* v. *Paasche*, 391 Mass. 18, 21 (1984) ("We do not decide constitutional questions unless they must necessarily be reached").

[10]If the defendant is voluntarily waiving counsel for proceedings on both the substantive offenses and subsequent offender portion of the substantive offenses, a judge must ensure, during the colloquy, that the defendant understands that (1) his waiver of counsel applies to both proceedings; (2) immediately following a guilty finding on the substantive proceedings, the defendant will be separately arraigned and tried on the subsequent offender portion of the indictment; and (3) the subsequent offender proceedings are significant because, if there is a guilty finding, the defendant's sentence will be enhanced.