NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-793

COMMONWEALTH

vs.

NATALIE R. WALLACE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A District Court jury convicted the defendant of assault and battery.[1]  By this appeal, the defendant claims that a substantial risk of a miscarriage of justice arose in two ways: first, when two police officers made in-court identifications of the defendant that she claims were inherently suggestive, and second, when an officer used the word "assault" while testifying, which the defendant claims went to an ultimate issue before the jury.  We affirm.

Background.  We summarize the trial evidence, reserving certain facts for later discussion.

---

[1] The complaint originally alleged assault and battery on a pregnant victim but was amended before trial.

On November 23, 2020, Somerville Police Officers James Torres and Joseph Moreira responded to a domestic violence call. Officer Torres, arriving first on the scene, saw the defendant fighting someone. Once Officer Moreira arrived, the two officers attempted to separate and speak with the defendant and the other combatant, the victim. The defendant provided her name to Officer Moreira during their initial interactions.

The officers' attempt to defuse the situation proved unsuccessful, as the defendant and the victim continued to yell and aggressively lunge toward each other even after being separated. The victim walked toward the defendant, prompting Officer Moreira to move toward the victim in an attempt to physically prevent her from reaching the defendant. At this point, Officer Moreira felt the defendant against his back, and he found himself caught in between the two women, who had resumed fighting. Both women threw a flurry of punches at each other, and during the melee, Officer Moreira was punched in the head.

After separating the defendant and the victim for a second time, Officer Torres placed the defendant in handcuffs and escorted her back to her nearby residence. Officer Torres then stayed with the defendant in an attempt to deescalate the situation. During this time the defendant identified herself. Officer Torres remained with the defendant until he was

satisfied that the defendant was calm; the victim had left the scene by that point. The officers filed criminal complaints against the parties rather than arrest them. The complaint against the defendant identified her by the name she gave Officer Torres and showed an address matching the residence the defendant was escorted back to. The defendant was charged with disorderly conduct and assault and battery on the victim and Officer Moreira, but before trial, the disorderly conduct charge was dismissed.

In her opening statement, defense counsel acknowledged that the defendant was present and arguing with the victim on March 23, 2020. During her testimony, the defendant admitted that she "was swinging" intentionally and "hit" the victim, but she claimed she did so in self-defense. She denied attempting to hit or hitting an officer. The jury found the defendant guilty of assault and battery on the victim and not guilty of assault and battery on a police officer. The defendant filed a timely notice of appeal.

Discussion. 1. Identification testimony. The Commonwealth filed a motion in limine to introduce in-court identifications of the defendant by Officers Torres and Moreira. The motion was allowed without objection. During the trial, both officers identified the defendant as the individual who was charged for being involved in the physical altercation with the

3

victim.[2]  The judge admitted these in-court identifications with no objection from defense counsel.

On appeal, the defendant argues that there was no "good reason" under Commonwealth v. Crayton, 470 Mass. 228, 241 (2014), for admitting the in-court identification testimony by Officers Torres and Moreira, as there was no evidence of an out-of-court identification procedure or prior relationship between the officers and the defendant, and the officers did not identify the defendant at trial as someone they had arrested. Since the defendant did not object to either officer's in-court identification, we review to determine whether the admission of this evidence, if error, created a substantial risk of a miscarriage of justice.  See Commonwealth v. Traylor, 472 Mass. 260, 267 (2015).

"Where an eyewitness has not participated before trial in an identification procedure, we shall treat the in-court identification as an in-court showup, and shall admit it in

---

[2] During direct examination, the prosecutor asked Officer Torres, "[D]o you recognize -- or do you see the woman that you handcuffed in . . . the courtroom today?" to which Officer Torres responded in the affirmative and identified the defendant.  The prosecutor asked Officer Moreira whether and how he was able to identify the defendant on the day of the incident, to which Officer Moreira responded that he was able to identify the defendant because she told him her name.  The prosecutor then asked, "[d]o you see Natalie Wallace in the courtroom today?" to which Officer Moreira responded in the affirmative and identified the defendant.

evidence only where there is 'good reason' for its admission." Crayton, 470 Mass. at 241. There may be good reason to admit in-court identification testimony where the testimony is "understood by the jury as confirmation that the defendant sitting in the court room is the person whose conduct is at issue rather than as identification evidence." Id. at 242. For there to be "good reason," there must be little risk of misidentification arising from the in-court identification despite its suggestiveness. Id. at 243.

Crayton, 470 Mass. at 242, provides two examples of what would constitute "good reason" for allowing an inherently suggestive in-court identification: (1) where the eyewitness was familiar with the defendant before the commission of the crime, such as where a victim testifies to a crime of domestic violence; and (2) where the witness was an arresting officer who was also an eyewitness to the commission of the crime, and the identification merely confirms that the defendant is the person who was arrested for the charged crime. However, even if the witness did not have a relationship with the defendant prior to the commission of the crime and was not an arresting officer, good reason may still exist if the individual had an "extensive and intensive opportunity to observe the defendant." Commonwealth v. Fielding, 94 Mass. App. Ct. 718, 723 (2019). See id. (defendant and victim interacted for thirty minutes);

5

Commonwealth v. Stewart, 94 Mass. App. Ct. 485, 488 (2018) (lay witnesses never lost sight of defendant and remained on scene until police arrived to make arrest).

Where there has been no out-of-court identification by a witness, the burden is on the Commonwealth to move in limine to admit the witness's in-court identification of the defendant. See Crayton, 470 Mass. at 243. Once the Commonwealth's motion is filed, the defendant bears the burden of showing that there is no "good reason" for the in-court identification. Id.

Here, the officers' prolonged and personal contact with the defendant, who identified herself to both officers, provided a good reason to allow reliable in-court identification testimony confirming that the defendant was the individual whose conduct was at issue at trial. See Crayton, 470 Mass. at 242-243. Even though Officers Torres and Moreira did not arrest the defendant, they had continuous and close interactions with her. During those interactions, the officers had extensive opportunity to observe her from the time they arrived at the scene until the time the confrontation was resolved, at which point Officer Torres escorted the defendant home to the address appearing on the criminal complaint and advised her of future court process before releasing her. See Fielding, 94 Mass. App. Ct. at 723-724; Stewart, 94 Mass. App. Ct. at 488-489. Contrast Commonwealth v. Ortiz, 487 Mass. 602, 609-610 (2021) (in-court

6

identification of defendant by undercover officer who participated in controlled narcotics purchase improper where officer only spent two to three minutes together with defendant in car and did not otherwise interact with defendant throughout booking process); Crayton, supra at 245 (witnesses' partial view of defendant on one occasion not reliable, and no good reason to admit in-court identification testimony where Commonwealth had opportunity to obtain less suggestive out-of-court identification).  Both Officer Torres and Officer Moreira identified the defendant in the context of her being the individual charged with the offenses on trial, and not specifically as the individual they saw throwing punches.  Accordingly, the nature of the officers' interaction with the defendant leads us to conclude their respective in-court identifications were confirmatory, and furthermore, were made with very little risk of misidentification.  See Crayton, supra at 242-243.

The defendant's reliance on Ortiz, 482 Mass. 602, is misplaced.  Although Ortiz makes a distinction between arresting and nonarresting officers, the undercover officer's in-court identification testimony was inadmissible in Ortiz, supra at 609-610, because his limited interactions with the defendant made it implausible for him to give reliable in-court testimony confirming the defendant as the individual whose conduct was at

issue. Since the officer's interaction consisted of only two to three minutes in a car alone with the defendant, during which time he did not ask for the defendant's identification, the officer's identification testimony could not be viewed as reliable evidence pointing to the defendant on trial as the individual from whom he bought heroin. Id. Here, in contrast, the officers' interaction with the defendant was more extensive, the defendant identified herself to the officers, and there was no risk of misidentification because identity was not in dispute. The defendant acknowledged being present on March 23, 2020, and being charged for assaulting the victim and Officer Moreira.

Thus, we conclude that the trial judge did not err in admitting the in-court identification testimony.

2. Ultimate issue testimony. The defendant argues that Officer Torres's use of the words "assault" and "assaultive" when describing the defendant's conduct amounted to improper opinion testimony on the ultimate issue of the defendant's guilt.[3] Because there was no objection, we review for whether

_____

[3] When asked to elaborate on his testimony that he saw the defendant "striking the other involved party," Officer Torres testified that it "appeared as though [the defendant] was just throwing a flurry of punches and it was landing in front of her and whoever was in front of her was basically being assaulted." He later testified that he removed handcuffs from the defendant once she "was no longer being aggressive and continuing her aggressive assaultive behavior."

8

Torres's testimony, if admitted in error, created a substantial risk of a miscarriage of justice. See Commonwealth v. Saulnier, 84 Mass. App. Ct. 603, 607 (2013).

When a defendant is on trial for assault and battery, it is advisable for the witnesses not to repeatedly refer to the incident at issue using the conclusory term "assault." See Commonwealth v. Duarte, 97 Mass. App. Ct. 268, 276 (2020); Commonwealth v. Dargon, 457 Mass. 387, 396 (2010). It is preferable that the incident be described to the jury without using a term that constitutes an element of the crime because using other words would eliminate the risk that the jury could have interpreted the testimony as an opinion on the issue of the defendant's guilt. See Duarte, supra.

While it is regrettable that Officer Torres used the words "assault" and "assaultive" while describing the altercation between the defendant and the victim, the error did not create a substantial risk of a miscarriage of justice when considering (1) that the contested issue at trial "was not whether the defendant" struck the victim but whether "the Commonwealth had proved beyond a reasonable doubt that the defendant was not acting with justification, i.e., acting in self-defense," (2) the limited nature of the usage, and (3) the strength of the Commonwealth's case. Duarte, 97 Mass. App. Ct. at 276. See Saulnier, 84 Mass. App. Ct. at 607. We fail to see how Officer

9

Torres's characterization of the defendant's conduct might have materially influenced the jury in reaching a verdict when considering the defendant testified that she intentionally swung at and hit the victim. See Duarte, supra. The two police officers also testified that they saw the defendant punching or striking the victim. Thus, Torres's limited testimonial lapse was inconsequential to the jury's verdict. Id.; Saulnier, supra.

Furthermore, any prejudicial impact this error may have had on the jury was diminished considering Officer Torres's testimony was explanatory in nature, as he used the word "assault" to describe the events that unfolded before him rather than offering the word as a conclusory opinion on the ultimate issue of the defendant's guilt. See Commonwealth v. Grissett, 66 Mass. App. Ct. 454, 458 (2006); Commonwealth v. Tanner, 45 Mass. App. Ct. 576, 581 (1998). Contrast Commonwealth v. Lodge, 431 Mass. 461, 467 (2000) ("general expression of the officer's opinion of guilt, followed by a recital of all the evidence against the defendant, is not permitted").

Finally, the error here was cured by the judge instructing the jury, inter alia, as to the elements of the offenses and the law of self-defense, and that it was within the sole province of the jury to find the facts and reach a unanimous verdict. We

10

presume the jury followed the judge's instructions.  See

Commonwealth v. Dufresne, 489 Mass. 195, 208 (2022).

Judgment affirmed.

By the Court (Blake, Grant &
  Smyth, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  September 14, 2023.

---

[4] The panelists are listed in order of seniority.