SUMNER GLADSTONE *vs.* UNION WARREN SAVINGS BANK. June 11, 1974. The plaintiff appeals from an order sustaining the defendant's demurrer in an action in contract without leave to amend. The declaration avers that in March, 1969, the defendant loaned the plaintiff $600,000 payable in ten years with interest at eight percent per annum in exchange for a promissory note secured by a mortgage on real property of the plaintiff. In April, 1971, although there was no prepayment clause in the note or mortgage, the defendant agreed to waive the balance of the interest on the note and any penalty for prepayment on condition that the plaintiff prepay the balance of the principal. This agreement was oral. The plaintiff arranged for a loan to pay off the balance but the defendant "in breach of part of said oral agreement did require a prepayment penalty." The plaintiff paid the penalty under protest and now seeks to recover the amount paid as damages for breach of the oral agreement. Although the judge sustained the demurrer without specifying the ground upon which he relied, that omission was immaterial since on appeal all grounds are open. *Ratté* v. *Forand*, 299 Mass. 185, 187 (1938), and cases cited. *Daddario* v. *Pittsfield*, 301 Mass. 552, 554 (1938). The demurrer was rightly sustained. Accepting the facts alleged in the declaration as true (*Palmer* v. *Motley*, 323 Mass. 129, 133 [1948]), no cause of action is stated. G. L. c. 231, § 18, Fourth. The defendant's offer to waive a prepayment penalty was unilateral. It imposed no binding obligation upon the plaintiff and lacked consideration until the plaintiff satisfied the condition, viz., tendered payment of the principal balance. *Des Rivieres* v. *Sullivan*, 247 Mass. 443, 446 (1924). The defendant was free to revoke the offer at any time prior to acceptance by the plaintiff. *Lattuca* v. *Cusolito*, 343 Mass. 747, 751-752 (1962). Acceptance must be by full performance on the part of the offeree in order that a contract may come into existence. *Northampton Inst. for Sav.* v. *Putnam*, 313 Mass. 1, 7 (1943). Absent the necessary allegation in the declaration of acceptance of the offer by tender of the principal payment, no contract between the parties came into existence. We need not discuss the other grounds since a demurrer is properly sustained where one ground is good. *Duane* v. *Quincy*, 350 Mass. 59, 61 (1966).

*Order sustaining demurrer affirmed.*

*Judgment for the defendant.*

*William T. Desmond* for the plaintiff.

*Jeffrey Swope* for the defendant.