COMMONWEALTH *vs.* DAVID JONES. April 28, 2004. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Criminal,* Discovery, Interlocutory appeal.

David Jones appeals from a judgment of a single justice of this court allowing the Commonwealth's petition for relief pursuant to G. L. c. 211, § 3. The Commonwealth sought relief from an order of the trial judge allowing Jones's motion for discovery pursuant to Mass. R. Crim. P. 30 (c) (4), as appearing in

---

435 Mass. 1501 (2001).[1] We affirm.

Following a Superior Court jury trial, Jones was convicted of breaking and entering in the daytime and larceny over $250. The evidence against him included five fingerprints recovered from the crime scene that matched Jones's prints. The police determined that Jones was the source of the recovered prints, first by identifying him as a possible source of the prints with the use of a State police computer database known as the Automated Fingerprint Identification System (AFIS), and then by having two fingerprint experts compare the recovered prints to Jones's prints. Both experts testified for the Commonwealth at trial. The Appeals Court affirmed Jones's convictions in an unpublished memorandum and order pursuant to its rule 1:28. *Commonwealth* v. *Jones*, 49 Mass. App. Ct. 1110 (2000).[2]

Jones thereafter filed his motion in the Superior Court pursuant to rule 30 (c) (4), requesting that the judge order that the Commonwealth provide him with a list of all of the possible AFIS fingerprint matches produced when the AFIS identified Jones as a possible match. Thus, Jones sought to discover whether someone else's prints might have matched the recovered prints more closely than his did. The judge allowed Jones's motion. The Commonwealth then filed its petition pursuant to G. L. c. 211, § 3.

In allowing the Commonwealth's petition, the single justice concluded that Jones had failed to satisfy his burden of establishing a prima facie case for relief, a prerequisite for the allowance of a motion for discovery pursuant to rule 30 (c) (4). See *Commonwealth* v. *Tague*, 434 Mass. 510, 519 (2001), cert. denied, 534 U.S. 1146 (2002). This court will not reverse the judgment of a single justice absent an abuse of discretion or other clear error of law. See *Palaza* v. *Superior Court*, 393 Mass. 1001, 1002 (1984). There was no abuse of discretion or error of law here. Jones failed to support his motion with any affidavits or other materials challenging, for example, the methodology used by the Commonwealth's fingerprint experts or the reliability of the experts' conclusions that the prints recovered from the crime scene matched Jones's prints and that all other possible matches from the AFIS search were therefore ruled out. To support his motion, Jones relied principally on testimony given during his counsel's cross-examination of one of the Commonwealth's fingerprint experts. Nothing in that testimony so undermines the experts' conclusions as to establish a prima facie case for relief, however. Cf. *Commonwealth* v. *Lynch*, 439 Mass. 532, 545, cert. denied, 124 S. Ct. 833 (2003) (defendant's "self-serving affidavit and the affidavit from appellate counsel

---

[1]Jones did not challenge in his opposition to the Commonwealth's petition, and does not challenge in his brief on appeal, the Commonwealth's assertion that it was entitled to seek review in these circumstances by means of a petition pursuant to G. L. c. 211, § 3.

[2]In his direct appeal, Jones claimed, among other things, that the judge had erred in admitting the Commonwealth's fingerprint evidence because the Commonwealth had failed to provide Jones with a list of other possible matches generated by AFIS. In rejecting that claim, the Appeals Court stated in its unpublished memorandum that this "information could hardly have proved significant so as to put in question the fingerprint and other evidence received in the case."

failed to establish a prima facie case for relief and, therefore, for postconviction discovery").

*Judgment affirmed.*

*Chrystal A. Murray* for the defendant.

*Robert C. Cosgrove,* Assistant District Attorney, for the Commonwealth.