COMMONWEALTH *vs.* RONALD McCOY. March 16, 2005. *Supreme Judicial Court,* Appeal from order of single justice. *Evidence,* Privileged record. *Privileged Communication.*

The Commonwealth appeals from a judgment of a single justice of this court denying its petition for relief pursuant to G. L. c. 211, § 3. We affirm.

Ronald McCoy, indicted for rape and other offenses, filed a so-called *Bishop-Fuller* motion in the Superior Court seeking the production of Department of Social Services records concerning the complainant. See *Commonwealth* v. *Fuller,* 423 Mass. 216 (1996); *Commonwealth* v. *Bishop,* 416 Mass. 169 (1993). Over the Commonwealth's objection that the defendant failed to demonstrate the records' relevance pursuant to Mass. R. Crim. P. 14 (a) (2), 378 Mass. 874 (1979), or Mass. R. Crim. P. 17, 378 Mass. 885 (1979), the judge, after acknowledging that the alleged victim had "asserted her privilege," found that the defendant "met a [rule] 14 showing," ordered a two-month period of records be delivered to the clerk of the Superior Court, and continued the matter "for a hearing on Stage II *Bishop.*" The Commonwealth unsuccessfully moved for reconsideration. Thereafter, it challenged the judge's order through a G. L. c. 211, § 3, petition. The single justice denied the petition.

In an order previously issued pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), we allowed this appeal to proceed in the regular course. "This court will not reverse the judgment of a single justice absent an abuse of discretion or other clear error of law." *Commonwealth* v. *Jones,* 441 Mass. 1015, 1016 (2004). Relief under G. L. c. 211, § 3, is available to correct "a *substantial* claim of violation of [a petitioner's] substantive rights" (emphasis added). *Campiti* v. *Commonwealth,* 417 Mass. 454, 456 (1994), quoting from *Dunbrack* v. *Commonwealth,* 398 Mass. 502, 504 (1986). Although the Superior Court judge has not adhered to the precise steps and sequence of the *Bishop-Fuller* protocol, see *Commonwealth* v. *Neumyer,* 432 Mass. 23, 26 n.7 (2000) (discussing timing of ordering production of records by judge); *Commonwealth* v. *Pare,* 427 Mass. 427, 430 (1998) (requiring privilege *determination,* including which privilege or privileges actually apply, to be specified in writing), those technical errors do not amount here to a substantial claim of violation of substantive rights. Thus, we conclude that the single justice neither abused his discretion nor made any other clear error of law in denying the Commonwealth relief.

*Judgment affirmed.*

*John P. Zanini,* Assistant District Attorney, for the Commonwealth.

*John G. Tardif* for the defendant.