COMMONWEALTH *vs.* PAUL JOHNSON. November 15, 2006. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Criminal,* Plea.

Paul Johnson appeals from a judgment of a single justice of this court granting the Commonwealth's petition for relief under G. L. c. 211, § 3, in which the Commonwealth challenged a Superior Court judge's order enforcing a plea offer that had been made by the Commonwealth but not accepted by Johnson. We affirm the judgment.

*Background.* A grand jury returned an indictment charging Johnson with unlawful possession of a firearm, second or subsequent offense, and being an armed career criminal with three prior qualifying convictions. A second indictment charged him with unlawful possession of ammunition. A jury trial commenced on the possession charges. The jury convicted Johnson on the firearm charge and acquitted him on the ammunition charge.

What happened next is the subject of findings made by the trial judge after an evidentiary hearing on Johnson's motion to dismiss the outstanding second offense and armed career criminal charges (enhancement counts) and for further relief. Those findings are not challenged here. After the jury verdict, which was announced on Wednesday, January 26, 2005, the judge returned the jury to the jury room while Johnson decided whether to proceed on the enhancement counts before the same jury or to try them jury-waived. The prosecutor asked for a few minutes with defense counsel to try to resolve the next phase of the case. The judge recessed, and the prosecutor offered to recommend a sentence of from three years to three years and one day in exchange for a waiver of appellate rights. In his findings, the judge stated that it was unclear whether this would come about following a guilty plea on the armed career criminal charge, reduced to one qualifying offense, or whether the enhancement counts would be dismissed. Johnson did not accept the offer,

---

[1]Vizcarrondo has neither filed a brief nor responded to the Commonwealth's motion.

but it remained open through day's end. When the judge returned to the bench, defense counsel stated that Johnson wished to waive a jury for the second phase of the case. Counsel also stated that he and the prosecutor were asking that the balance of the case and sentencing be postponed until the following Tuesday, as they were discussing the possibility of resolution of the case. Johnson was then arraigned on the enhancement counts. The judge, after a colloquy, accepted Johnson's jury waiver.

At some point in the next few days, the prosecutor's superiors ordered him to withdraw the plea offer. On Saturday, January 29, the prosecutor called defense counsel and advised him that the offer was "off the table."

Johnson then filed a motion to dismiss the enhancement counts and for other relief, specifically, enforcement of what he claimed was an agreement that he would be sentenced to from three years to three years and one day on the firearm conviction.[1] Although he rejected Johnson's claim that an agreement had been reached, the judge allowed the motion because in his view, the Commonwealth had impliedly promised to hold the offer open for a reasonable time, Johnson had relied on that promise, and fundamental fairness required holding the Commonwealth to its offer. The Commonwealth filed a motion to reconsider, which was denied. The Commonwealth's petition ensued.

*Discussion.* We review the single justice's decision granting relief for abuse of discretion or other error of law. See, e.g., *Commonwealth* v. *Jones*, 441 Mass. 1015, 1016 (2004). As a threshold matter, Johnson argues that relief under G. L. c. 211, § 3, was inappropriate because the Commonwealth had an adequate alternative remedy in an appeal from the dismissal of the enhancement counts. It is true that the Commonwealth may appeal from the allowance of a motion to dismiss an indictment, G. L. c. 278, § 28E; Mass. R. Crim. P. 15 (a) (1), as appearing in 422 Mass. 1501 (1996), and dismissal of the enhancement counts was part of the judge's order here.[2] Even if the Commonwealth could have appealed from the dismissal of the enhancement counts, however, Johnson does not suggest that the Commonwealth had an appeal from the remainder of the order, namely, the decision to sentence him to from three years to three years and one day on the firearm conviction. That sentence is inextricably bound with the dismissal of the enhancement counts, which carried longer mandatory minimum sentences. G. L. c. 269, § 10 (*d*) (minimum five years for second firearm offense). G. L. c. 269, § 10G (*c*) (minimum fifteen years for armed career criminal with three prior convictions of violent crimes or serious drug offenses). Such statutory provisions do not create independent crimes, but enhance the sentence for the underlying crime.

---

[1] In his motion, Johnson contended that he accepted the prosecutor's offer. As noted, the judge found otherwise.

[2] It appears that the Commonwealth did in fact file a notice of appeal after the enhancement counts were dismissed. Nonetheless, the Commonwealth's petition does not appear to challenge only the "sentence" portion of the disposition and not the "dismissal" portion, and the single justice's order does not appear to be limited to the sentence. In the absence of any indication that the Commonwealth's challenge to the judge's order is proceeding on two tracks — an appeal from the dismissal and a G. L. c. 211, § 3, petition challenging the sentence — we regard the judgment as vacating the entire order.

See *Bynum* v. *Commonwealth*, 429 Mass. 705, 708-709 (1999); *Commonwealth* v. *Hernandez*, 60 Mass. App. Ct. 416, 418 (2004). Thus, even if the Commonwealth could have appealed from the dismissal of the enhancement counts, it is not clear that such an appeal would have afforded adequate relief. In these circumstances, the single justice did not abuse his discretion by reaching the merits of the Commonwealth's petition.

"The touchstone for determining whether a defendant has been improperly denied the advantages he expected from a plea bargain is whether that defendant has reasonable grounds for reliance on his interpretation of the prosecutor's promise, and whether the defendant in fact relied to his detriment on that promise." *Commonwealth* v. *Santiago*, 394 Mass. 25, 28 (1985), citing *Commonwealth* v. *Smith*, 384 Mass. 519, 522 (1981). "Although some would take the view that a prosecutor's promise made in the course of plea bargaining should be enforced even where the defendant did not reasonably rely on that promise to his detriment, at least where no intervening, extenuating circumstances exist . . . , we have not gone that far" (citations omitted). *Commonwealth* v. *Smith, supra.*

Johnson argues that he detrimentally relied on the Commonwealth's offer by waiving his right to a jury trial on the enhancement counts. The judge did not find that the jury waiver was made in reliance on the offer (and not, for example, for strategic reasons), and nothing in the record supports Johnson's claim. There is no evidence that the offer induced the jury waiver — in other words, that if no offer had been made, Johnson would have proceeded to a jury trial on the enhancement counts rather than agreeing to try those charges to the judge.[3]

Johnson also argues that, as the judge found, he relied on an implied promise that the offer would remain open for a reasonable time.[4] The facts found by the judge do not support his conclusion that such an implied promise was made. Cf. *Commonwealth* v. *Doe*, 412 Mass. 815, 820-821 (1992) (findings did not support conclusion that defendant relied on implied agreement to reduce sentence in exchange for productive assistance). Under ordinary contract principles, to which plea bargaining is often analogized, *Commonwealth* v. *Tirrell*, 382 Mass. 502, 511-512 (1981), an offeror is ordinarily free to revoke his offer at any time before it is accepted. See, e.g., *Kinchla* v. *Welsh*, 8 Mass. App. Ct. 367, 369 (1979); *Gladstone* v. *Union Warren Sav. Bank*, 2 Mass. App. Ct. 850, 850 (1974), citing *Lattuca* v. *Cusolito*, 343 Mass. 747, 751-752 (1962). "Where there is no detrimental reliance and a prosecutor's offer to accept a plea is withdrawn, the defendant is left with the adequate remedy of having a trial. . . . The defendant is in no worse position than he would have been if the prosecutor had made no plea bargain offer at

---

[3]The jury had just convicted Johnson on the firearm charge and, according to the Commonwealth, had heard him testify to his prior convictions.

[4]According to the facts found by the judge, Johnson had two full business days to accept the offer before it was retracted. Moreover, the jury-waived trial was slated to begin the following Tuesday, just a few days later. We need not decide whether the judge erred in implicitly finding that, in these circumstances, the Commonwealth failed to hold the offer open for a reasonable time.

all." (Citations omitted.) *Commonwealth* v. *Smith, supra.* The single justice did not err or abuse his discretion in granting relief under G. L. c. 211, § 3.

*Judgment affirmed.*

*Dana Alan Curhan (Brad P. Bennion* with him) for the defendant.
*Anne M. Thomas,* Assistant District Attorney, for the Commonwealth.