COMMONWEALTH *vs.* STEVEN LUCERO. February 15, 2008. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Required finding, Dismissal, Double jeopardy.

Steven Lucero appeals from a judgment of the county court allowing the Commonwealth's petition for relief pursuant to G. L. c. 211, § 3. We affirm the judgment.

Lucero has been indicted on four indictments charging indecent assault and battery on a child under fourteen years of age. The day that the case was called for trial, Lucero waived his right to a jury trial. The complainant, however, was absent, although she had received a subpoena, had been in contact with the prosecutor as recently as the previous day, and was expected to appear. The judge inquired whether the Commonwealth could prove the case without the complainant's testimony, and the prosecutor responded that she could not. Without taking any evidence, the judge purported to enter "a required finding of not guilty . . . after jeopardy attached," over the Commonwealth's objection. Shortly thereafter, the prosecutor learned that the complainant and her guardian had arrived at the court house at 8:30 A.M.,

---

ready and willing to testify, but mistakenly went to the wrong court room. The guardian realized the error at about 12:45 P.M. After learning this information, the prosecutor immediately filed a motion to continue, which was denied. The judge also denied the Commonwealth's motion for reconsideration of the required findings of not guilty, ruling again that jeopardy had attached. The Commonwealth's G. L. c. 211, § 3, petition sought relief from the judge's rulings. A single justice of this court granted relief, reversed the order finding Lucero not guilty, and remanded the case to the Superior Court for further proceedings.

We review the single justice's decision for abuse of discretion or other error of law. *Commonwealth* v. *Johnson*, 447 Mass. 1018, 1019 (2006), citing *Commonwealth* v. *Jones*, 441 Mass. 1015, 1016 (2004). Lucero acknowledges that the Commonwealth has no adequate alternative remedy, but argues nonetheless that relief was not warranted. We agree with the Commonwealth and the single justice that relief was warranted. First, the judge improperly entered a required finding of not guilty in the circumstances of this case, where no evidence had been presented and no opening statements had been made. Cf. *Commonwealth* v. *Lowder*, 432 Mass. 92, 99-101 (2000) (discussing judge's limited discretion to enter required finding *after* prosecutor's opening statement). Rather, where a prosecutor is unprepared to present her case due to the unexpected absence of a witness, a judge has discretion to dismiss the case without prejudice. *Commonwealth* v. *Connelly*, 418 Mass. 37, 38 (1994). In the alternative, a dismissal with prejudice may be entered if there has been "a showing of egregious misconduct or at least a serious threat of prejudice." *Id.*, citing *Commonwealth* v. *Cronk*, 396 Mass. 194, 199 (1985). Here, there was no "egregious misconduct" on the Commonwealth's part, nor has there been any showing of prejudice to Lucero's ability to receive a fair trial. See *Commonwealth* v. *Connelly*, *supra* at 39. The prosecutor could not present her case due to a simple mistake on the witness's part. The judge, in effect, dismissed the case with prejudice although there were no grounds to do so. Second, the Superior Court judge committed a clear error of law by ruling that jeopardy had attached. In a jury-waived trial, jeopardy does not attach until "the court begins to hear evidence." *Commonwealth* v. *Gonzalez*, 437 Mass. 276, 281 (2002), cert. denied, 538 U.S. 962 (2003), quoting *Commonwealth* v. *Ludwig*, 370 Mass. 31, 33 (1976). Here, no evidence had been presented. Double jeopardy principles thus do not bar Lucero's trial. Third, we reject Lucero's argument that relief was inappropriate because, in his view, the case has little or no chance of conviction. The complainant's credibility is for the finder of fact to decide, not for the single justice or this court, and certainly not before she has testified. Finally, contrary to Lucero's suggestion, the single justice did not abuse her discretion by granting the Commonwealth's petition although it was filed about six weeks after the judge's rulings. While the Commonwealth clearly could have and should have filed earlier, that lapse of time is not so lengthy as to compel the denial of relief.

*Judgment affirmed.*

*Sean McGinty* for the defendant.

*Jane A. Sullivan*, Assistant District Attorney, for the Commonwealth.