*Thomas P. Budnick,* pro se.


COMMONWEALTH *vs.* MANUEL NAREA. June 11, 2009. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Loss of evidence by prosecution. *Evidence,* Exculpatory.

Manuel Narea is awaiting trial on charges of distribution of a class B controlled substance, in violation of G. L. c. 94C, § 32A, and committing the offense within a school zone, in violation of G. L. c. 94C, § 32J. The complaint alleges that Narea sold cocaine to an undercover police officer. He moved to dismiss the complaint on the ground that the Commonwealth had "destroyed" potentially exculpatory evidence, specifically, the "buy money" allegedly recovered from him after his arrest. A Boston Municipal Court judge first ordered the Commonwealth to produce photocopies of the "buy money." When it failed to do so, the judge denied Narea's motion to dismiss, but precluded the Commonwealth from eliciting testimony at trial concerning the

---

[1]Police department of Ludlow.

"buy money." Pursuant to the Commonwealth's G. L. c. 211, § 3, petition, a single justice of this court concluded that that "remedy is too extreme," and vacated the order. See *Commonwealth* v. *Kee*, 449 Mass. 550 (2007). We affirm.

Where a single justice has exercised his or her discretion, pursuant to G. L. c. 211, § 3, and granted relief under the statute, we will not disturb the judgment absent an abuse of discretion or clear error of law.[1] *Schipani* v. *Commonwealth*, 382 Mass. 685 (1980). See *Commonwealth* v. *Lucero*, 450 Mass. 1032 (2008) (affirming single justice's grant of relief on Commonwealth's G. L. c. 211, § 3, petition, where judge improperly entered required finding of not guilty).

The single justice, citing *Commonwealth* v. *Kee*, 449 Mass. 550 (2007), concluded the judge's ruling precluding the Commonwealth from introducing testimony concerning the "buy money" was "too extreme." There was no abuse of discretion or other error of law in that determination. In the *Kee* case, we concluded that a defendant seeking relief "from the loss or destruction of potentially exculpatory evidence has the initial burden . . . to establish 'a "reasonable possibility, based on concrete evidence rather than a fertile imagination," that access to the [evidence] would have produced evidence favorable to his cause.' " *Id.* at 554, quoting *Commonwealth* v. *Dinkins*, 440 Mass. 715, 717 (2004). If a defendant is successful in establishing a reasonable possibility that the evidence "was in fact exculpatory," *Commonwealth* v. *Kee, supra*, a judge is required to "weigh the culpability of the Commonwealth, the materiality of the evidence and the potential prejudice to the defendant." *Id.*, quoting *Commonwealth* v. *Willie*, 400 Mass. 427, 432 (1987). In *Commonwealth* v. *Kee*, as in this case, the defendant presented no evidence that production of the missing money would have benefited him, and there was no "concrete evidence" that the missing money would have created a "reasonable doubt as to the defendant's guilt that would not otherwise exist." *Commonwealth* v. *Kee, supra*, quoting *Commonwealth* v. *Otsuki*, 411 Mass. 218, 231 (1991). On this record, therefore, we cannot say that the single justice erred or abused his discretion in vacating the judge's order granting relief based on lost or destroyed evidence.

*Judgment affirmed.*

*Alexandria B. Lynn* (*Veronica J. White* with her) for the defendant.

*Helle Sachse*, Assistant District Attorney, for the Commonwealth.

---

[1]The single justice exercised his discretion to address the merits of this particular evidentiary issue. We cannot say that he abused his discretion in doing so. A single justice, in his or her discretion, may also properly decline to employ the court's extraordinary power of general superintendence where exceptional circumstances are not present. See, e.g., *Esteves* v. *Commonwealth*, 434 Mass. 1003, 1004 (2001) (fact that single justice in separate case raising similar issue exercised discretion and decided merits of petition "does not compel us to decide that the single justice should have done so in this case, or must do so in every instance"); *Commonwealth* v. *Yelle*, 390 Mass. 678, 686-687 (1984) (G. L. c. 211, § 3, should not be invoked to second guess trial judge's rulings); *Commonwealth* v. *Cook*, 380 Mass. 314, 319 (1980) ("The fact that the Commonwealth has no other remedy does not make [G. L.] c. 211, § 3, review automatic, however. We have rarely allowed Commonwealth appeals of interlocutory matters under our supervisory powers"). No party, including the Commonwealth, should expect that the court will exercise its extraordinary power of general superintendence lightly.