DWIGHT HIGHTOWER *vs.* COMMONWEALTH. February 12, 2010. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

The petitioner, Dwight Hightower, appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm.

Hightower filed his petition in the county court after a judge in the underlying case in the trial court allowed the Commonwealth's motion for the production of medical records from the emergency room of a hospital where Hightower was treated after he was allegedly involved in a motor vehicle accident. The single justice denied his petition, and Hightower has filed what appears to be a memorandum pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). For any of the following reasons, we can affirm the decision of the single justice. First, Hightower failed timely to file his rule 2:21 memorandum. S.J.C. Rule 2:21 (2). Second, Hightower has not demonstrated that the alleged error cannot be remedied in the ordinary course of appeal from any adverse judgment against him. Third, the record before the single justice does not sufficiently lay a foundation for the exclusion of Hightower's records pursuant to 42 U.S.C. § 290dd-2 (2006). Fourth, this case does not present the type of exceptional circumstances that warrant the exercise of this court's extraordinary power of general superintendence. See *Commonwealth* v. *Narea,* 454 Mass. 1003, 1004 n.1 (2009).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Sinclair T. Banks* for the defendant.

HEIDI L. EMMONS *vs.* PETER T. LINN. February 19, 2010. *Divorce and Separation,* Attorney's fees.

Heidi L. Emmons and Peter T. Linn, a divorced couple with four children, commenced actions in the Probate and Family Court for modification and contempt. Each party prevailed on some claims, and they cross-appealed. The Appeals Court modified the judgments in various respects and, pursuant to a provision in the parties' separation agreement, awarded Emmons $38,000 in attorney's fees. See *Emmons* v. *Linn,* 72 Mass. App. Ct. 1118 (2008). Emmons applied for further appellate review, seeking additional attorney's fees, and we remanded the matter to the Appeals Court for further consideration. The Appeals Court concluded that Emmons was entitled to no additional fees. The matter returned to this court for further review of that limited question.[1] After carefully reviewing the case, we agree with the result reached by the Appeals Court. Emmons is entitled to no additional attorney's fees.

*So ordered.*

*Kevin M. Corr* for the plaintiff.
*Peter T. Linn,* pro se.

---

[1]The Appeals Court's decision in *Emmons* v. *Linn,* 72 Mass. App. Ct. 1118 (2008), is final and binding in all other respects.