DEIDRE FORKNALL *vs.* COMMONWEALTH. April 19, 2012. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal,* Dismissal.

The petitioner, Deidre Forknall, appeals from a judgment of a single justice of this court denying her petition pursuant to G. L. c. 211, § 3. We affirm.

Forknall filed her petition in the county court after a judge in the District Court denied her motion to dismiss a complaint charging her with leaving the scene of property damage and operating a motor vehicle with a suspended license. The single justice denied the petition. The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). For any of the following reasons, we can affirm the decision of the single justice:

(1) Rule 2:21 requires a showing that "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). Forknall has not made such a showing. "The denial of a motion to dismiss in a criminal case is not appealable until after trial, and we have indicated many times that

G. L. c. 211, § 3, may not be used to circumvent that rule. Unless a single justice decides the matter on the merits or reserves and reports it to the full court, neither of which occurred here, a defendant cannot receive review under G. L. c. 211, § 3, from the denial of his motion to dismiss." *Bateman* v. *Commonwealth*, 449 Mass. 1024, 1024 (2007), quoting *Jackson* v. *Commonwealth*, 437 Mass. 1008, 1009 (2002). See *Ventresco* v. *Commonwealth*, 409 Mass. 82, 83-84 (1991), and cases cited.

(2) In her appeal to this court, Forknall argues that review of any adverse decision in the trial court cannot adequately be obtained on appeal because she "has various diagnosed mental disorders . . . . [She is] completely emotionally drained by this case . . . [and it is] [n]ot plausible, with her psyche . . . that she would be rational throughout ordinary appellate proceedings . . . ." She did not raise this claim before the single justice, and we therefore need not consider it.[1] See *Carvalho* v. *Commonwealth*, 460 Mass. 1014 (2011), and cases cited.

(3) Forknall provides no record support at all for her allegations regarding her medical condition.

(4) This case does not present the type of exceptional circumstances that warrant the exercise of this court's extraordinary power of general superintendence. See *Commonwealth* v. *Narea*, 454 Mass. 1003, 1004 n.1 (2009).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Sinclair T. Banks* for the petitioner.

---

[1] In the papers filed in this court, counsel for the petitioner states that he has not seen her since January 11, 2012, and that he has not been able to reach her. It is not clear on what basis he makes the assertions regarding her medical condition (for the first time) at this stage.