KAREN COUSINEAU *vs.* COMMONWEALTH. February 20, 2013. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal,* Interlocutory appeal.

Karen Cousineau purports to appeal from an order of a single justice of this court denying her request for leave to pursue an interlocutory appeal. She has been charged in the District Court with multiple motor vehicle offenses. It appears from what was before the single justice that she filed a motion in the District Court to suppress medical records from the emergency room where she received treatment after colliding with an unoccupied, parked motor vehicle. After a judge in the trial court denied her motion to suppress, she filed her application in the county court seeking leave to appeal.[1,2]

This "appeal" is not properly before us. "Neither the Commonwealth nor a defendant may appeal to the full court from a single justice's denial of an application for leave to pursue an interlocutory appeal." *Cowell* v. *Commonwealth,* 432 Mass. 1028, 1028 (2000). The defendant's remedy in such a situation is to raise the suppression ruling as an issue in her direct appeal, in the event she is convicted. *Id.* In the meantime she is free to seek impoundment or redaction of the records in the trial court if appropriate. We express no view as to whether such measures are warranted.[3]

*Appeal dismissed.*

---

[1]Cousineau claims that the emergency room records are protected from disclosure by 42 U.S.C. § 290dd-2 (2006). The Commonwealth takes the position that the statute applies only to disclosure of substance abuse treatment records and does not apply to emergency room records, citing *United States* v. *Zambora,* 408 F. Supp. 2d 295, 299-300 (S.D. Tex. 2006). We need not resolve the merits of that dispute at this time.

[2]Cousineau states that she initially attempted to file a petition in the county court pursuant to G. L. c. 211, § 3, but was instructed by the clerk's office that, because the challenged ruling of the trial court was an order on a motion to suppress, she was required to file an application for leave to appeal pursuant to Mass. R. Crim. P. 15 (a) (2), as appearing in 422 Mass. 1501 (1996), which she then did.

[3]There appears to have been some confusion about what the defendant intended to

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Sinclair T. Banks* for the defendant.

---

file and actually did file in the county court. See note 2, *supra.* In her record appendix, she provides us with copies of both a G. L. c. 211, § 3, petition and an application for leave to appeal pursuant to rule 15 (a) (2). To avoid any lingering uncertainty, we have considered the case under both standards. It suffices to say that she would fare no better if we were to regard her application as a petition under c. 211, § 3. We have thoroughly reviewed the record and decline to employ the court's extraordinary power of general superintendence in these circumstances. See *Hightower* v. *Commonwealth,* 456 Mass. 1003, 1003 (2010); *Cowell* v. *Commonwealth,* 432 Mass. 1028, 1028 n.2 (2000).