NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11998


COMMONWEALTH  vs.  MICHAEL S. BOYD.



Middlesex.      January 11, 2016. - April 8, 2016.

Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk,
& Hines, JJ.


Firearms.  Practice, Criminal, Sentence, Nolle prosequi.



Indictments found and returned in the Superior Court
Department on October 28, 2008.

The cases were tried before Sandra L. Hamlin, J., and a
motion to correct sentence, filed on May 4, 2014, was heard by
her.

The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


James M. Fox for the defendant.
KerryAnne Kilcoyne, Assistant District Attorney, for the
Commonwealth.
Chauncey B. Wood & Timothy St. Lawrence, for Massachusetts
Association of Criminal Defense Lawyers, amicus curiae,
submitted a brief.


CORDY, J.  The defendant, Michael Boyd, was convicted on

counts of an indictment charging two sentencing enhancements,

one as a second-time offender, see G. L. c. 269, § 10 (d), and

one under the Massachusetts armed career criminal (ACC) statute,[1]

see G. L. c. 269, § 10G (c), both premised on an underlying

conviction of unlawful possession of a sawed-off shotgun, in

violation of G. L. c. 269, § 10 (c).  The Commonwealth moved for

sentencing consistent with the fifteen- to twenty-year term of

imprisonment required by the ACC statute, while the defendant

recommended a lesser punishment, also within the range afforded

by the ACC statute.[2]  See G. L. c. 269, § 10G (c).  The defendant

was sentenced to a term of from fifteen to seventeen years in

State prison on the ACC enhancement and was not sentenced on the

second offender enhancement.

The defendant appealed from the ACC conviction, arguing

that the Commonwealth's evidence was insufficient to support a

sentence enhancement under that provision.  In an unpublished

memorandum and order pursuant to its rule 1:28, the Appeals

Court agreed, reversing the conviction and remanding the case

for resentencing.  See Commonwealth v. Boyd, 85 Mass. App. Ct.

1106 (2014).  The Appeals Court's decision ostensibly left the

defendant with convictions of unlawful possession of a sawed-off

---

[1] The armed career criminal indictment charged that the defendant had been previously convicted of three violent crimes, subjecting him to an enhanced sentence.

[2] The Commonwealth moved for a sentence of from eighteen to twenty years, and the defendant recommended a term of from fifteen years to fifteen years and one day.

shotgun, which carries a sentencing range of from eighteen months to life, see G. L. c. 269, § 10 (a), (c); and the second offender enhancement conviction for the same offense, which carries a mandatory term of imprisonment in State prison of between five and seven years, see G. L. c. 269, § 10 (d).

On remand, the case presented a unique circumstance: a statute that affords greater potential punishment for an underlying crime than for a subsequent offense. Consequently, at the resentencing hearing, the defendant argued that he should be sentenced under the enhancement statute, while the Commonwealth sought the imposition of a longer sentence on the underlying crime. The Commonwealth, over defense objection, entered a nolle prosequi of the second offender enhancement charge,[3] and the judge sentenced the defendant to a term of from twelve to fifteen years on the underlying conviction of unlawful possession of a sawed-off shotgun.

In his present appeal, the defendant argues that it was error for the resentencing judge to allow the Commonwealth to avail itself of the nolle prosequi procedure after the initial sentencing had already occurred, particularly where such a decision exposed him to a greater potential punishment.

---

[3] The defendant argued that allowing the Commonwealth to enter a nolle prosequi on a conviction after both verdict and sentence had been entered would subject him to double jeopardy.

In Commonwealth v. Richardson, 469 Mass. 248, 249 (2014), decided one month after the resentencing in the present case, we established that, absent legislative intent to the contrary, "a defendant may be sentenced under only one sentencing enhancement statute," even if he or she was convicted pursuant to multiple such provisions. The Commonwealth, however, is free to charge a defendant under multiple sentencing enhancement statutes, and if it secures multiple convictions, it may, prior to sentencing, "exercise its prosecutorial prerogative to decide which enhancement provision will apply . . . by entering a nolle prosequi of all but one sentencing enhancement count." Id. at 254. Because in Richardson the Commonwealth had not exercised its nolle prosequi authority prior to sentencing, and because the judge sentenced the defendant under two sentencing enhancement provisions, we remanded the case for resentencing, concluding that, "[w]here . . . the Commonwealth did not exercise its authority to enter a nolle prosequi of one of the enhancement counts before sentencing, the decision regarding which sentence will survive on remand rests with the sentencing judge." Id. at 249, 251-252, 254-255.

Consistent with our holding in Richardson, we conclude that the judge's original sentencing on one of two possible enhancement convictions (ACC enhancement) effectively acted as a dismissal of the other (second offender enhancement). Thus, the

Commonwealth's attempt to enter a nolle prosequi with respect to the second offender enhancement conviction, after the remand, is moot as duplicative. The underlying conviction of possession of a sawed-off shotgun, however, remained viable, and where the judge on resentencing sentenced the defendant on that conviction, we affirm the sentence as imposed.[4,5]

1. Background. a. Underlying crimes. The circumstances underlying the defendant's conviction are not in dispute, and they also are not at issue in his appeal. To give context, we present a brief recitation of the facts precipitating the defendant's arrest and his subsequent convictions.

On September 24, 2008, the Framingham police responded to a report of a domestic dispute involving the defendant and his pregnant girl friend. The officers discovered that the defendant had taken custody of the couple's two children, so they proceeded to the defendant's apartment to remove the children and to arrest the defendant. The defendant refused to come outside, and the officers heard children screaming. When the police sought to enter the home by force, the defendant

---

[4] See Commonwealth v. Woodward, 427 Mass. 659, 683 (1998), quoting Commonwealth v. Coleman, 390 Mass. 797, 804 (1984) ("it is not within [our] power . . . to review an otherwise lawful sentence").

[5] We acknowledge the amicus brief submitted by the Massachusetts Association of Criminal Defense Lawyers.

fired a shotgun through the window.  The police returned fire, wounding the defendant.  They subsequently arrested him.

b.  Procedural history.  The defendant was named in indictments setting forth a total of ten different offenses.  In addition to the conviction of unlawful possession of a sawed-off shotgun, in violation of G. L. c. 269, § 10 (c), the jury returned guilty verdicts on indictments charging unlawful possession of ammunition without a firearm identification card, in violation of G. L. c. 269, § 10 (h); two counts of reckless endangerment of a child, in violation of G. L. c. 265, § 13L; unlawful possession of a loaded sawed-off shotgun, in violation of G. L. c. 269, § 10 (n); and unlawful discharge of a firearm, in violation of G. L. c. 269, § 12E.[6]

After evidence was presented at a separate jury-waived portion of the bifurcated trial that established the defendant's prior criminal history, the defendant was convicted of two separate sentencing enhancements (as a subsequent offender and as an armed career criminal) for both the shotgun possession conviction and the ammunition possession conviction.  The

_____

[6] The defendant was found not guilty on one indictment charging assault and battery of a pregnant person and two indictments charging assault by means of a dangerous weapon. The jury were unable to reach a unanimous verdict on the charge of armed assault with intent to murder, in violation of G. L. c. 265, § 18 (b).  The judge declared a mistrial with regard to that indictment, and the Commonwealth subsequently entered a nolle prosequi, dismissing the charge.

defendant was sentenced to concurrent terms of from fifteen to seventeen years on those convictions, consistent with the provisions of the ACC statute, and to a subsequent ten years of probation for each of the remaining charges, to run concurrently with each other and from and after the prison sentence.  No sentence was imposed on the second offender enhancement convictions.

At the resentencing hearing on July 10, 2014, after the defendant had successfully challenged his armed career criminal status, see Boyd, 85 Mass. App. Ct. at 1106, the parties mutually agreed to dismiss the possession of ammunition charge as duplicative.  The Commonwealth also sought to enter a nolle prosequi of the subsequent offender enhancement portion of the indictment charging possession of a sawed-off shotgun.  The defendant objected, but the resentencing judge allowed the nolle prosequi and sentenced the defendant to a term of from twelve to fifteen years in State prison for the underlying crime.[7]  The defendant appealed.[8]  We transferred the case from the Appeals Court on our own motion.

---

[7] The ten-year probation sentences imposed on other convictions, to run from and after the prison sentence, were not addressed at resentencing.

[8] The defendant subsequently filed a motion to revise and revoke the sentence, again arguing that it was improper to enter a nolle prosequi after the imposition of a sentence. Specifically, the defendant argued that the new sentence

The defendant argues that it was error for the resentencing judge to allow the Commonwealth to exercise its nolle prosequi authority at the resentencing hearing for two reasons, and the resentencing judge was therefore required to sentence the defendant under the subsequent offender enhancement provision on the charge of possession of a sawed-off shotgun:  first, that the nolle prosequi was time barred because sentencing had already occurred; and, second, that the Commonwealth's nolle prosequi circumvented legislative intent in establishing the penalty structure for the underlying charge and the enhancement of which the defendant was convicted.

2.  Discussion.  Generally speaking, the Commonwealth has "absolute" authority "to enter a nolle prosequi" at any point "before sentencing," see Mass. R. Crim. P. 16 (a), 378 Mass. 885 (1979) ("prosecuting attorney may enter a nolle prosequi on pending charges at any time prior to the pronouncement of sentence"), "either as to an entire indictment or . . . count thereof, or any distinct and substantive part of it." Commonwealth v. Massod, 350 Mass. 745, 748 (1966).[9]  Where the

_____

"diverges from legislative intent and the interests of justice." The motion judge (who was different from the trial judge, who had retired in the interim period) denied the motion.  The defendant did not file a notice of appeal with regard to the motion.

[9] The defendant argues that the Commonwealth, if it were to enter a nolle prosequi on any portion of the conviction against

Commonwealth does not exercise its authority to enter a nolle prosequi prior to sentencing, the judge "must exercise discretion to craft the most appropriate individualized sentence within the bounds of the applicable criminal statutes" (quotations omitted).  Commonwealth v. Rivas, 466 Mass. 184, 190-191 (2013).

In the context of multiple convictions under sentencing enhancement statutes, the Commonwealth's prosecutorial prerogative over which enhancement is available for sentencing ends when the defendant appears before the judge for sentencing.  See Richardson, 469 Mass. at 254.  At that point, in the absence of a nolle prosequi, the sentencing judge has the discretion to select one enhancement conviction before levying a punishment.  Id. at 254-255.  The judge's decision has the effect of determining which sentence enhancement "survive[s]" for purposes of appeal and any potential remand.  See id. at 255.  The adverse effect is that the sentencing enhancement not selected by the judge is dismissed, similar to when a nolle prosequi is entered prior to sentencing.

The result in the present case is that the defendant was no longer subject to the second offender sentence enhancement after

---

the defendant, was required to dismiss it in its entirety.  This argument is rendered moot by our holding, see note 11, infra, but we note that the Commonwealth is entitled to enter a nolle prosequi as to discrete portions of charges.

the case was remanded.  See Boyd, 85 Mass. App. Ct. 1106.[10]  That

is, the judge's initial sentencing of the defendant under the

ACC statute effectively dismissed the second offender portion of

the indictment.  Therefore, after the ACC charge had been

reversed, the resentencing judge was left to craft a sentence

based on the only remaining charge associated with G. L. c. 269,

§ 10:  the underlying crime.  As a result, the Commonwealth need

not have -- and indeed could not have -- exercised its nolle

prosequi authority to dismiss the second offender enhancement in

order to subject the defendant to punishment under the

underlying crime.[11]

---

[10] The same is not true of the underlying charge, under
which the judge was still permitted to sentence the defendant.
See Commonwealth v. Johnson, 447 Mass. 1018, 1019 (2006)
(sentencing enhancement statutes "do not create independent
crimes").  The underlying crime and the sentencing enhancement
statute were not duplicative, so dismissal of one was not
required, compare Commonwealth v. Rivas, 466 Mass. 184, 185
(2013), nor was it incumbent on the sentencing judge to select
which of the convictions would "survive," see Commonwealth v.
Richardson, 469 Mass. 248, 255 (2014).

[11] Our conclusion renders moot the defendant's concerns
related to elective dismissal at resentencing.  The defendant
argues that the Commonwealth's ability to nol pros was time
barred after resentencing, and also asserts that allowing the
Commonwealth to nol pros the subsequent offender enhancement
provision on remand offends the notion of double jeopardy.
Because we conclude that there was no subsequent offender
enhancement available for the Commonwealth on which to enter a
nolle prosequi at the resentencing hearing, and it was therefore
error for the sentencing judge to accept entry of that nolle
prosequi, we need not reach these issues.

This case presents the circumstance in which our holding will inure to the benefit of the Commonwealth. Due to the peculiarity of the sawed-off shotgun possession statute, G. L. c. 269, § 10, which affords a greater potential punishment for first-time offenders than does the second offender charge for the same offense, the Commonwealth was able to secure a more severe penalty after the second offender charge had been vacated than it would have been able to had the charge remained. In a more common scenario, the dismissal on appeal of the sentencing enhancement provision under which a defendant has been sentenced would protect the defendant from an enhanced punishment on remand, based on the same underlying offense.

The defendant argues that, even if it was appropriate to sentence him for the underlying crime, his sentence under that statute was excessive. The defendant contends that a closer reading of the tiered penalty structure for possession of a sawed-off shotgun under G. L. c. 269, § 10 (c), reveals that the Legislature intended a first-time offender to have a sentence of less than five years. The argument implies that, because the subsequent offender provisions for the underlying crime each subject an offender to a progressively serious potential penalty, based on the number of offenses, the Legislature must have intended a first-time offender to be subject to less punishment than any subsequent offender.

We conclude that the defendant's statutory interpretation argument is inapt; the statute is not ambiguous, nor was the judge's interpretation of that statute in handing down a sentence in excess of seven years inappropriate. While the statute is no doubt unusual, there can be no misconstruing the language of the Legislature: first-time offenders in the possession of sawed-off shotguns are subject to "imprisonment in the state prison for life, or any term of years," with a minimum sentence of eighteen months. G. L. c. 269, § 10 (c). The weapons listed in § 10 (c) (machine gun and sawed-off shotgun) are the only "dangerous weapons" listed in § 10, the possession of which subjects the possessor to a term of up to life imprisonment. The following section, § 10 (d), is an omnibus clause of the statute, allowing for subsequent offender sentence enhancements for violations not only of § 10 (c) but also of § 10 (a) (possession of other types of firearms) and § 10 (b) (encompassing a wide variety of handheld, nonfirearm weapons, including knives, chains, and nunchaku). A single violation of neither § 10 (a) nor § 10 (b) subjects an offender to life imprisonment. This clear differentiation by the Legislature indicates that offenses under § 10 (c) are more grievous than those under § 10 (a) or (b). The inconsistent penalty system by which second offenders may (at least with respect to offenses under § 10 [c]) receive a lesser punishment than first-time

offenders may seem illogical, but it is not ambiguous.  We therefore conclude, contrary to the defendant's recitation of the rule of lenity, that there is nothing ambiguous about the statute in question.

3.  Conclusion.  The Commonwealth was unable to exercise its nolle prosequi authority as to the second offender enhancement because that conviction was no longer available. Given that the judge had initially sentenced the defendant under the ACC enhancement provision, the second offender enhancement was effectively dismissed.  Our conclusion that the defendant was no longer subject to the second offender enhancement conviction, however, leaves the resentencing judge in the same position in which she had been on the initial remand:  able to craft a sentence, pursuant to G. L. c. 269, § 10 (c), based on the underlying crime, with a potential term of from eighteen months to life.  We therefore affirm as imposed the defendant's sentence of from twelve to fifteen years in State prison.

So ordered.