NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12188

COMMONWEALTH  vs.  SHAWN A. BALDWIN.


Evidence, Spontaneous utterance.


April 21, 2017.


The defendant, Shawn A. Baldwin, is awaiting trial in the
District Court on charges involving alleged domestic violence.
Both the Commonwealth and the defendant filed motions in limine
concerning the admissibility of a recording of a 911 call placed
by the six year old son of the defendant and the alleged victim.
The Commonwealth argued that the boy's statements -- including,
"my dad just choked my mom" -- were admissible as nontestimonial
excited utterances.  The defendant asserted that the statements
were not excited utterances and that their admission would
violate his right of confrontation.  After a hearing at which
the recording was played, the judge ordered that the recording
be excluded on the ground that the boy's voice appeared "calm,"
and that the statements on the recording therefore were not
"excited" utterances.

A single justice of this court granted the Commonwealth's
petition for relief pursuant to G. L. c. 211, § 3, vacated the
judge's order excluding the recording, and remanded the case to
the District Court for further proceedings.[1]  The defendant
appeals.  We affirm.

_____

[1] The Commonwealth's G. L. c. 211, § 3, petition sought
relief from the District Court judge's orders denying the
Commonwealth's motion in limine to admit the 911 recording and
her order allowing the defendant's motion to exclude the
recording.  The single justice's intent to vacate both orders is
implicit to her decision.

When a single justice has granted relief under G. L.
c. 211, § 3, "we will not disturb the judgment absent an abuse
of discretion or clear error of law."[2]  Commonwealth v. Narea,
454 Mass. 1003, 1004 (2009).  See Commonwealth v. Lucero, 450
Mass. 1032, 1033 (2008) (affirming single justice's grant of
relief on Commonwealth's G. L. c. 211, § 3, petition, where
judge improperly entered required finding of not guilty).  In
this case, the single justice, citing Commonwealth v. Alcantara,
471 Mass. 550, 558 (2015), correctly concluded that the motion
judge erred because, although the "degree of excitement
displayed by the declarant is one factor suggestive of a
spontaneous reaction, it is not the only factor."  Because it
appears that the motion judge failed to consider other factors
relevant to the determination whether an out-of-court statement
qualifies as an excited utterance, her order relative to the 911
recording must be vacated.

A statement meets the test for admissibility as an excited
utterance if "(1) there is an occurrence or event 'sufficiently
startling to render inoperative the normal reflective thought
processes of the observer,' and (2) if the declarant's statement
was a 'spontaneous reaction to the occurrence or event and not
the result of reflective thought.'"  Alcantara, 471 Mass. at
558, quoting Commonwealth v. Santiago, 437 Mass. 620, 623
(2002).  See Commonwealth v. McLaughlin, 364 Mass. 211, 222-223
(1973).  While the degree of excitement exhibited by the
declarant is one factor relevant to that determination,
see Commonwealth v. Beatrice, 460 Mass. 255, 258-259 (2011), the
essential issue is whether the statement was made under the
stress of an "exciting event and before the declarant has had
time to contrive or fabricate the remark, and thus . . . has
sufficient indicia of reliability."  Commonwealth v. Zagranski,
408 Mass. 278, 285 (1990).  See Commonwealth v. Mulgrave, 472
Mass. 170, 179 (2015) (applying spontaneous utterance exception
to written text message).  In addition to demeanor, our cases

_____

[2] Pursuant to G. L. c. 211, § 3, the single justice reviewed
the substantive merits of the Commonwealth's petition.  She was
within her discretion to do so.  See Commonwealth v. Hernandez,
471 Mass. 1005, 1006-1007 (2015).  "A single justice, in his or
her discretion, may also properly decline to employ the court's
extraordinary power of general superintendence where exceptional
circumstances are not present."  Commonwealth v. Narea, 454
Mass. 1003, 1004 n.1 (2009).  See, e.g., Commonwealth v. Yelle,
390 Mass. 678, 686-687 (1984) (G. L. c. 211, § 3, should not be
invoked simply to second guess trial court judge's interlocutory
evidentiary rulings).

have identified other factors relevant to the inquiry, such as whether the declaration is made in the same location as the traumatic event, Zagranski, supra at 284-286; the circumstances of the statement, including its temporal proximity to the event, Mulgrave, supra at 177; the young age of a 911 caller, Commonwealth v. Guaman, 90 Mass. App. Ct. 36, 42 (2016); and the degree of spontaneity demonstrated by the declarant, Commonwealth v. Joyner, 55 Mass. App. Ct. 412, 416-417 (2002). In short, the question is not simply whether the declarant shows any particular form of "excitement," but rather whether the declarant was acting spontaneously under the influence of the incident at the time the statements were made, and not reflexively. See generally Commonwealth v. Crawford, 417 Mass. 358 (1994) (hours after killing, four year old child remained under stress of event).

We therefore affirm the judgment of the single justice, vacating the orders denying the Commonwealth's motion in limine and allowing the defendant's motion. On remand, the motion judge must consider, as the single justice indicated, whether, based on all the circumstances, the statements on the 911 tape have sufficient indicia of reliability to meet the foundational requirements for admission and, if so, whether their admission would violate the defendant's right to confrontation under the Sixth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights. See Commonwealth v. Middlemiss, 465 Mass. 627, 632-636 (2013). We express no view as to how these questions should be answered; that is for the motion judge to decide in the first instance.

Judgment affirmed.

Suzanne L. Renaud for the defendant.
Ronald E. DeRosa, Assistant District Attorney, for the Commonwealth.