NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12789

COMMONWEALTH  vs.  DARRYL THOMAS.

March 23, 2020.

Firearms.  Assault and Battery by Means of a Dangerous Weapon.  Practice, Criminal, Sentence.

This matter comes before the court on further appellate review, limited to certain issues, detailed infra, concerning the defendant's conviction of unlawful possession of a firearm while in the commission of a felony under G. L. c. 265, § 18B. For the reasons stated infra, we affirm that conviction but on grounds different from those stated by the Appeals Court.

A jury convicted the defendant of multiple offenses related to his participation in a fight outside a bar in Worcester.[1] After a subsequent bench trial on the sentencing enhancement portions of his indictments, the defendant was sentenced as a so-called "armed career criminal II"[2] pursuant to G. L. c. 269,

_____

[1] The jury convicted the defendant of two counts of assault and battery by means of a dangerous weapon, see G. L. c. 265, § 15A (b), and one count each of unlawful possession of a firearm, see G. L. c. 269, § 10 (a), unlawful possession of ammunition, see G. L. c. 269, § 10 (h), unlawful possession of a loaded firearm, see G. L. c. 269, § 10 (n), and unlawful possession of a firearm while in the commission of a felony, see G. L. c. 265, § 18B.  The jury acquitted the defendant of armed assault with intent to murder, see G. L. c. 265, § 18 (b).

[2] We have previously noted that the term "armed career criminal," which derives from the Federal Armed Career Criminal Act of 1984, codified as amended at 18 U.S.C. § 924(e) (2012),

§ 10G (b), with respect to two firearm violations,[3] and as a habitual criminal pursuant to G. L. c. 279, § 25 (a), with respect to two counts of assault and battery by means of a dangerous weapon.  He received a separate sentence in connection with his conviction under § 18B.

The defendant appealed from his convictions, and then filed a motion for a new trial.  After the motion for a new trial was denied, the defendant's direct appeal was consolidated with the appeal from the denial of that motion.  A panel of the Appeals Court reversed the judgments under G. L. c. 269, § 10G (b), and remanded for sentencing pursuant to G. L. c. 269, § 10G (a) (a so-called "armed career criminal I"), and it affirmed the remaining judgments and the denial of the motion for a new trial.  See Commonwealth v. Thomas, 95 Mass. App. Ct. 1101 (2019).

With respect to the conviction under § 18B, the panel reviewed the defendant's unpreserved claim that the conviction could not stand because the indictment was not linked to any of the other charges, and all of the other charges were disqualified from serving as the "root" felony[4] for the § 18B charge because of the prohibition on double jeopardy.  While agreeing with the defendant that his other charges could not provide the root felony for the § 18B charge, the panel concluded that there was no substantial risk of a miscarriage of justice because, in its view, § 18B does not require the root felony to be a charged offense, and in this case there was evidence of an "uncharged strike" of the victim that could have served as the root felony for the § 18B conviction.

The defendant sought further appellate review from this court on a number of issues.  As noted supra, we granted his

_____

is more appropriately used "only to characterize those with three prior convictions of a violent crime or serious drug offense who are sentenced under [G. L. c. 269,] § 10G (c)." Commonwealth v. Anderson, 461 Mass. 616, 626 n.10 (2012).

[3] After the verdicts, the Commonwealth entered a nolle prosequi on the charge under G. L. c. 269, § 10 (n), on the ground that it was duplicative.

[4] By "root" felony, we refer to the offense referenced in G. L. c. 265, § 18B, "in addition to" which the sentence for the § 18B violation is imposed.

application limited to the issues concerning the conviction of unlawful possession of a firearm while in the commission of a felony under § 18B.[5]

We begin our analysis with the language of G. L. c. 265, § 18B, which provides in relevant part:

> "Whoever, while in the commission of or the attempted commission of an offense which may be punished by imprisonment in the state prison, has in his possession or under his control a firearm, rifle or shotgun shall, in addition to the penalty for such offense, be punished by imprisonment in the state prison for not less than five years . . . ."

The crux of the defendant's argument is that his § 18B conviction must be vacated because the Commonwealth failed to indict him for and convict him of an appropriate root felony. The defendant's argument is twofold. First, he argues that his convictions of assault and battery by means of a dangerous weapon cannot serve as the root felony for his § 18B conviction because such an outcome would be contrary to legislative intent, and it would violate principles of double jeopardy. Second, the defendant argues that, contrary to the Appeals Court's ruling, the prosecution may not rely on uncharged conduct as the root felony for a § 18B conviction. We disagree with the defendant as to the first contention, and therefore, we do not reach the second.

Here, the defendant was convicted of two counts of assault and battery by means of a dangerous weapon, either of which may serve as the root felony for his § 18B conviction.[6] The defendant's arguments to the contrary are unpersuasive. Nothing in § 18B prevents the Commonwealth from relying on a conviction of assault and battery by means of a dangerous weapon as the root felony for a § 18B charge. Although a prior version of the

---

[5] As to the other convictions and enhancements, the decision of the Appeals Court stands.

[6] After instructing the jury on the elements of G. L. c. 265, § 18B, the trial judge further instructed that "as a matter of law, assault and battery by means of a dangerous weapon and assault with intent to murder are offenses punishable by imprisonment in the state prison." The jury were previously instructed as to the elements of those two felonies.

statute stated that "[t]his section shall not apply in the case of any felony in which the offense consists in whole or in part of using a dangerous weapon" (see Commonwealth v. Hawkins, 21 Mass. App. Ct. 766, 768 [1986]), the Legislature removed this restriction when it amended the statute in 1998. See St. 1998, c. 180, § 56. The restriction is thus no longer part of the statute.[7]

We also find no merit to the defendant's argument, based on our opinion in Commonwealth v. Richardson, 469 Mass. 248 (2014), that a sentence under § 18B may not be "stack[ed]" on top of a sentence that has been subject to an enhancement under the habitual criminal statute, G. L. c. 279, § 25 (a). Our opinion in Richardson dealt with the interplay between G. L. c. 269, § 10 (d), and a provision of the so-called armed career criminal statute, G. L. c. 269, § 10G. See id. at 251-253. Those two statutes "do not create independent crimes, but enhance the sentence for the underlying crime." Id. at 252, quoting Commonwealth v. Johnson, 447 Mass. 1018, 1019 (2006). As to those statutes, in the absence of a clear statement of legislative intent as to how the two were meant to interact, we declined to presume that the Legislature intended "to impose multiple sentencing enhancements to a single underlying offense." Richardson, supra at 254.

Section 18B stands in marked contrast to the statutes at issue in Richardson, as it creates an independent crime punishable by a separate sentence that the Legislature has required to be served "in addition to" the penalty for the underlying offense. G. L. c. 265, § 18B. Cf. Bynum v. Commonwealth, 429 Mass. 705, 709 (1999) (contrasting charge of subsequent drug offense under G. L. c. 94C, § 32A [d], which results in single, enhanced sentence for underlying crime, with

---

[7] By removing this restriction, the Legislature brought the Massachusetts statute further into alignment with its Federal counterpart, 18 U.S.C. § 924(c) (2012), which had been amended in 1984 to specify that it would apply "regardless of whether the underlying felony statute 'provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device.'" United States v. Gonzales, 520 U.S. 1, 10 (1997), quoting the Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, § 1005(a), 98 Stat. 2138-2139. See Gonzales, supra (observing that Congress's 1984 enactment "repudiated the result [the Court] reached in Busic v. United States, 446 U.S. 398 [1980]").

charge of committing drug violation in school zone under G. L. c. 94C, § 32J, which results in "an additional consecutive sentence" to be served from and after sentence for underlying offense).[8]

In addition, because the Legislature has clearly indicated that a sentence for a conviction under § 18B is to be served "in addition to" the sentence for the underlying felony, the imposition of both sentences does not violate principles of double jeopardy.  See Commonwealth v. Alvarez, 413 Mass. 224, 232 (1992) (noting that "same evidence" rule expressed in Morey v. Commonwealth, 108 Mass. 433, 434 [1871], is not constitutionally based and that "[w]here the Legislature has specifically authorized cumulative punishment under two statutes, even if the two statutes proscribe the same conduct under the Morey test, a court's job of statutory construction is terminated, and the intent of the Legislature is to be enforced").  Therefore, the defendant's conviction under § 18B did not give rise to a substantial risk of a miscarriage of justice.

Because we conclude that the defendant's convictions of assault and battery by means of a dangerous weapon may provide the root felony for his conviction under G. L. c. 265, § 18B, we need not, and do not, reach the further question whether the Commonwealth may ever rely on uncharged conduct as the root felony for a § 18B conviction, and we express no view on the reasoning contained in the Appeals Court's memorandum and order as to that issue.  Instead, we leave the question open in anticipation of a case that necessitates its resolution.

---

[8] Although § 18B requires a second, separate sentence that is imposed "in addition to" the sentence for the root felony, it need not be a consecutive sentence.  The sentence for the § 18B offense can be concurrent with the sentence for the root felony and still be "in addition to" it.  Contrast G. L. c. 94C, § 32J (requiring separate consecutive sentence for certain controlled substance offenses committed within school zones; "such sentence shall begin from and after the expiration of the sentence for" underlying offense).  Nor does § 18B require a mandatory minimum sentence of five years for a first offense.  See Commonwealth v. Hines, 449 Mass. 183, 191-192 (2007).  A judge, for instance, may sentence a defendant to not less than two years and not more than five years; the maximum sentence, however, must be no less than five years.

Accordingly, with respect to the defendant's conviction under G. L. c. 265, § 18B, the judgment is affirmed.

<u>So ordered</u>.


<u>Madeline G. Blanchette</u> (<u>Barbara Munro</u> also present) for the defendant.

<u>Nathaniel Beaudoin</u>, Assistant District Attorney, for the Commonwealth.

<u>Christopher DeMayo</u>, for Shaun O. Harrison, amicus curiae, submitted a brief.